CAMERON EQUIPMENT CORPORATION et al., Plaintiffs, *v.* THE PEOPLE OF THE STATE OF NEW YORK et al., Defendants. A. E. OTTAVIANO INC., et al., Appellants; L. B. McCOWAN, INC., Respondent.

Fourth Department, February 20, 1969.

300

*McClung, Peters & Simon* (*Brown, Kelly, Turner, Hassett & Leach* and *Frederick D. Turner* of counsel), for appellants.

*Rachlin & Rachlin* (*Harry A. Rachlin* of counsel), for respondent.

MARSH, J. On December 15, 1960, appellant A. E. Ottaviano, Inc. entered into a contract with the State of New York, Department of Public Works, in connection with the elimination of certain railroad grade crossings in the City of Niagara Falls. The contract was satisfactorily performed by Ottaviano and at least $18,819.53 remains unpaid by the State to Ottaviano under the contract.

As prime contractor Ottaviano contracted with Dump Truck Service, Inc. for certain excavation and construction work.

Dump Truck contracted with its wholly owned subsidiary Delavan Equipment Corp. for the lease of certain scrapers and bulldozers. Delavan then contracted with respondent L. B. McCowan, Inc. for the lease or purchase of such scrapers and bulldozers. Thus Ottaviano was the prime contractor, Dump Truck the subcontractor, Delavan a sub-subcontractor and respondent McCowan a sub-sub-subcontractor of the project.

Section 5 of the Lien Law provides: "A person performing labor for or furnishing materials to a contractor, his subcontractor or legal representative, for the construction or demolition of a public improvement pursuant to a contract by such contractor with the State or a public corporation, shall have a lien for the principal and interest of the value or agreed price of such labor or materials upon the moneys of the state."

In *Wynkoop* v. *People* (1 A D 2d 620, affd. 4 N Y 2d 892) the Second Department held that the language, "his subcontractor", in section 5 limits the subcontractors included to those who have contracted directly with the prime contractor or a subcontractor of the prime contractor. Under that ruling Delavan, a subcontractor of Dump Truck which in turn was a subcontractor of the prime contractor, could have filed a lien. However, McCowan does not come within the statutory language of section 5 and is too remote from the prime contractor to file a valid lien. (See, also, *Ciavarella* v. *People,* 16 A D 2d 291, 293; *Dorn* v. *Johnson Corp.,* 16 A D 2d 1009.)

The same is true of McCowan's right to assert a direct claim against appellant Hartford Accident and Indemnity Co. Section 137 of the State Finance Law provides that the prime contractor must provide a bond guaranteeing payment of all moneys due persons supplying the contractor or a subcontractor. It provides that labor and materialmen must file and enforce a mechanic's lien in order to secure the benefits of this section. *Triple Cities Constr. Co.* v. *Dan-Bar Contr. Co.* (285 App. Div. 299, affd. 309 N. Y. 665) states the rule that where the bond is in the language of section 137 a requirement of filing and enforcing a mechanic's lien will be read into it as a precondition to a suit upon the bond.

Respondent cannot establish a valid lien unless it is correct in its assertion that the corporate entity of Delavan may be disregarded and that for purposes of the Lien Law respondent may be considered to have contracted directly with Dump Truck, thus bringing it within the ambit of section 5 of the Lien Law. There is no testimony in the record which would tend to establish that respondent was dealing with Delavan merely as an agent and

expected the legal liability to attach to Dump Truck. The contract with respect to the equipment was between Delavan and respondent.

The only remaining avenue available to put the respondent in privity with Dump Truck is to disregard the corporate entity of Delavan by reason of it being a mere instrumentality of Dump Truck. However, the corporate veil could only be pierced in this instance in order to avoid fraud, illegality or patent injustice.

" Restating the instrumentality rule, we may say that in any case except express agency, estoppel or direct tort, three elements must be proved:

"(1) Control, not mere majority or complete stock control, but complete domination, not only of finances but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had *at the time* no separate mind, will or existence of its own; and

(2) Such control must have been used by the defendant to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or a dishonest and unjust act in contravention of plaintiff's legal rights; and

(3) The aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of. (See Powell ' Parent and Subsidiary Corporations,' chaps. I to VI, *passim,* and numerous cases cited.)" (*Lowendahl* v. *Baltimore & Ohio R. R. Co.,* 247 App. Div. 144, 157.)

There is no testimony in the instant record showing even a semblance of any wrong or injustice committed by Dump Truck upon respondent such as is required in the *Lowendahl* case. Certainly no scheme or plan is demonstrated tending to establish an intent to deprive respondent of the benefits of the Lien Law and the payment bond.

It would not appear that respondent has shown legal justification for disregarding the corporate entity of Delavan; hence it cannot establish itself as entitled to a lien under section 5 of the Lien Law or collect on a payment bond under section 137 of the State Finance Law.

Having made the determination that respondent is not entitled to the relief sought for the reasons stated, we do not reach for consideration the contention of appellants that the alleged rental agreement between respondent and Delavan was of the lease option type and hence was for the purchase of capital equipment which would survive the instant job and not constitute materials within the meaning of subdivision 12 of section 2 of the Lien Law.

The judgment insofar as appealed from should be reversed and respondent's cross claim dismissed.

DEL VECCHIO, J. P., WITMER, GABRIELLI and MOULE, JJ., concur.

Judgment insofar as appealed from unanimously reversed on the law and facts with costs and cross claim of respondent dismissed.