Frank Composto, J.
In this action to foreclose a public improvement lien defendants move for summary judgment on the grounds that no lien exists which may form the basis of a cause of action and to vacate, cancel and discharge of record the notice of lien filed by plaintiff. Defendants also move for a protective order striking plaintiff’s notice for discovery and inspection.
Plaintiff brings this action to foreclose a mechanic’s lien in the sum of $15,000. The claim arises under the following circumstances. The City of New York and the defendant Northeast Marine Terminal Company entered into a contract for the installation of a crane on a pier at the foot of 35th Street, Brooklyn. The crane was accepted as of July, 1973 and was in operation until December 20, 1973 when the crane in question was damaged and in need of repair. In order to prevent further damage Northeast contracted with defendant Port Testing to repair the defective crane. Port Testing in turn orally contracted with plaintiff whereby it was agreed that plaintiff would repair the crane for $15,000. Plaintiff claims that in addition the representatives of Northeast and the City of New York tacitly consented to plaintiff making the necessary repairs.
Upon completion of the work plaintiff was given a check for the agreed sum by defendant Port Testing, which was returned for insufficient funds. Plaintiff then filed the lien in question.
Subsequently defendant Northeast obtained an order fixing the sum of $17,000 as an undertaking to discharge the lien. The undertaking was executed by Firemen’s Insurance Company, a surety, in the afore-mentioned amount.
Defendants Northeast and Firemen’s Insurance Company challenge the validity of the lien filed on several grounds and move for summary judgment.
Plaintiff is not a "third-tier” subcontractor as suggested by *686 the moving defendants. Actually, plaintiff is a subcontractor who contracted with the subcontractor of the contractor which comes within the purview of section 5 of the Lien Law (see Cameron Equip. Corp. v People, 31 AD2d 299, affd 27 NY2d 634).
Nor does the court agree with the narrow interpretation given by defendants with respect to the extent of liens under section 5 of the Lien Law. A "construction or demolition of a public improvement” as set forth in section 5 of the Lien Law has a broader connotation when considered in light of the entire statute.
Under section 3 of the Lien Law the right to a lien exists when one performs labor or furnishes materials for the improvement of real property. Under section 5 a lien is granted to one who performs labor or furnishes material to a contractor for the "construction or demolition of a public improvement”. Subdivision 7 of section 2 defines "public improvement” as "an improvement of any real property belonging to the state or a public corporation”. The word "improvement” is defined (§ 2, subd 4) as meaning the demolition, erection, alteration or repair of any structure upon, connected with, or beneath the surface of any real property and any work done upon such property, or materials furnished for its permanent improvement.
Clearly, under the statutory scheme of the Lien Law as set forth above a mechanic’s lien under section 5 would include repairs to a crane permanently constructed on property owned by the City of New York. Under these circumstances, the court finds that plaintiff has a viable lien.
The papers submitted also present a sharp issue of fact with respect to the timeliness of the notice of lien.
Under the circumstances defendants’ motion is denied in all respects.
Defendants’ motion for a protective order is granted with respect to items 2, 3, 4, 5, 6 of plaintiff’s notice; otherwise denied.