■ AMERICAN INDUSTRIAL CONTRACTING CO., INC., Respondent, v TRAVELERS INDEMNITY COMPANY, Appellant, et al., Defendant.—In an action by a remote subcontractor against the prime contractor and the Travelers Indemnity Company, as surety, the Travelers Indemnity Company appeals from an order of the Supreme Court, Kings County, entered April 5, 1976, which denied its motion to dismiss the complaint. Order reversed, on the law, with $50 costs and disbursements, motion granted, and complaint as against the

Travelers Indemnity Company dismissed. No fact findings were presented for review. The sole issues before this court are those which were raised at Special Term. Respondent's reference to matters not in the record, and to issues not raised at Special Term, is improper (see *Wright v Wright,* 226 NY 578; 10 Carmody-Wait 2d, § 70:414). Plaintiff, a remote subcontractor, was not within the ambit of the surety bond, which defined a claimant as "one having a direct contract with the Principal or with a subcontractor of the Principal" (see *Cameron Equip. Corp. v People,* 31 AD2d 299, affd 27 NY2d 634). We need not consider whether the "change work order" of the prime subcontractor which was directed to plaintiff (as to a portion of the work to be performed by plaintiff), constitutes a "direct contract with * * * a subcontractor of the Principal", in view of the uncontroverted facts which show that the notice requirements of the surety bond were not met (see *Powell v Oman Constr. Co.,* 25 AD2d 566; *Hydrotherm v Insurance Co. of North Amer.,* 31 Misc 2d 534; *Coleman Capital Corp. v Travelers Ind. Co.,* 443 F2d 47). Martuscello, Acting P. J., Latham, Cohalan, Rabin and Hawkins, JJ., concur.