■ In the Matter of NINA HALL, Appellant, v BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent. — Appeal from a judgment of the Supreme Court at Special Term (Williams, J.), entered August 18, 1981 in Albany County, which dismissed petitioner's application for an order adjudging respondent guilty of civil contempt for willful refusal to comply with a prior judgment of the court dated September 30, 1974. This appeal is from Special Term's dismissal of petitioner's application seeking to hold respondent in civil contempt for its alleged failure to comply with a September, 1974 judgment which ordered that petitioner be reinstated *nunc pro tunc* as a tenured teacher with back pay. Special Term held that the instant request for relief had

---

already been considered by the court in a May, 1976 proceeding which had also sought to hold respondent in contempt. The court reiterated its view that respondent had complied with the September, 1974 judgment and again denied the application for contempt. Underlying this appeal are the following facts: Petitioner, a tenured teacher, was employed by the Board of Education of the City of New York and assigned to a school in Community School Board No. 13 (hereinafter CSB 13). Charges were instituted against her and a hearing thereon was held before a trial examiner who found the charges of unauthorized absence, neglect of duty, incompetent service and excessive lateness to be established by substantial evidence. The examiner recommended that petitioner be allowed to resign or, alternatively, that she be suspended for one year without pay. On October 16, 1972, CSB 13 accepted the findings of fact and concluded that petitioner should be permitted to resign without prejudice but, if she refused, that she be dismissed. Petitioner did not resign and was dismissed. Petitioner appealed her dismissal to the New York City Board of Education and then to the State Commissioner of Education. Both appeals were unsuccessful. Petitioner then commenced an article 78 proceeding against the Acting Commissioner of Education seeking vacatur and remand of the decision and a grant of petitioner's appeal. Respondent intervened. Special Term, in a judgment dated September 30, 1974, held that subdivision 7 of section 2590-j of the Education Law, under which section the dismissal of petitioner had occurred, was unconstitutionally violative of the procedural due process rights of tenured teachers on authority of *Kinsella v Board of Educ.* (378 F Supp 54, affd 542 F2d 1165). It ordered that petitioner be reinstated *nunc pro tunc* as a tenured teacher of common branches with back pay from November, 1972. The judgment was appealed by the board of education to this court. On November 18, 1975, CSB 13 "reaffirmed" its October 16, 1972 resolution and terminated petitioner once again. By decision dated December 23, 1975, this court affirmed Special Term's judgment which held that subdivision 7 of section 2590-j of the Education Law was unconstitutional, noting that the section had since been amended (*Matter of Hall v Ambach,* 50 AD2d 1015, 1016). On May 4, 1976, petitioner brought a contempt proceeding against respondent alleging disobedience of the judgment ordering petitioner's reinstatement *nunc pro tunc* with back pay. The court found that CSB 13 was not in contempt in that it had reinstated petitioner and commenced paying her back pay. Special Term noted that CSB 13 had attempted to correct the procedural defect attending its initial discharge of petitioner. The court also held that petitioner should be granted leave to institute an administrative appeal from CSB 13's dismissal of her on November 18, 1975. Petitioner's administrative appeal resulted in a remand by the city board of education to CSB 13 to review the record and set forth a factual basis for its decision. On April 19, 1977, CSB 13 passed a third resolution terminating petitioner and notified petitioner thereof. The resolution is not a part of the record on appeal. Petitioner then brought the instant contempt proceeding by which she seeks to put in issue whether respondent has provided her with the predetermination procedure required by the September 30, 1974 judgment of Special Term. Petitioner did not attempt to complete administrative review of this third termination resolution. We find that the instant contempt proceeding is an inappropriate vehicle to accomplish petitioner's purposes. The resolution of April 19, 1977 terminating petitioner was not before Special Term. It was not reviewed via any administrative proceeding and is not properly before us on this appeal. It is improper, therefore, to consider the parties' arguments on these matters (see *American Ind. Contr. Co. v Travelers Ind. Co.,* 54 AD2d 679, affd 42 N.Y2d 1041). It was petitioner's burden to make this resolution a part of

the record by including it in her papers before Special Term. There is no disagreement with the premise urged by petitioner that she is entitled to procedural due process. However, this contempt proceeding cannot determine the legality of proceedings brought subsequent to her reinstatement and which are not properly before us. Judgment affirmed, with costs: Sweeney, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.