■ JOAN IOVIERO, an Infant, by SELWYN IOVIERO, Her Mother and Natural Guardian, et al., Respondents, v CIGA HOTELS, INC., Also Known as LANDIA INTERNATIONAL SERVICES, INC., Appellant, et al., Defendant. — In an action to recover damages for personal injuries, etc., the appeal is from an order of the Supreme Court, Richmond County (Rubin, J.), entered September 29, 1982, which denied appellant's motion for summary judgment dismissing the complaint as against it. ¶ Order reversed, on the law, with costs, motion granted, and complaint dismissed as against appellant. ¶ The complaint alleges that on August 19, 1980, the infant plaintiff sustained injury to her hand when she slipped and fell while exiting the dining room at the Hotel Excelsior in Venice, Italy, during her stay there as a guest. Plaintiffs seek to hold appellant vicariously liable for the infant plaintiff's injury based on their allegation that appellant owned, operated, managed and/or controlled the subject hotel. After issue was joined, appellant moved for summary judgment dismissing the complaint as against it on the ground that plaintiffs had sued the wrong party. ¶ It is not disputed that in 1973, appellant was incorporated in New York under the name "Ciga Hotels, Inc." and, in 1979, an amendment to the certificate of incorporation was filed changing its name to "Landia International Services, Inc." According to appellant's comptroller, appellant's principal business is to provide sales and promotional services to the hotel industry.

A service contract proffered by appellant establishes the fact that an Italian corporation, known as "Cigahotels, S.p.A." owns and controls a chain of hotels, which includes the Hotel Excelsior. Pursuant to this contract, appellant was to furnish Cigahotels, S.p.A. with sales and promotional services. In essence, appellant was merely employed by the latter as its independent sales representative in the United States and Canada at the time of the infant plaintiff's injury. ¶ We conclude, as a matter of law, that the exhibits proffered by plaintiffs' counsel in opposition to appellant's motion for summary judgment do not suffice to raise a question of fact as to whether appellant is the same entity as Cigahotels S.p.A. ¶ The term "societa per azione" is defined as a stock corporation and is abbreviated by the letters "S.p.A." (see Genco, Dictionary of Italian Legal Terms & Relevant Definitions, p 262). Despite the similarity in appellant's first corporate name and the name Cigahotels, S.p.A., the contract documents establish the existence of two separate and distinct corporate entities. The correspondence submitted by plaintiffs' counsel in opposition to the motion is not inconsistent with appellant's proof that it is a separate corporation and that it does not own, operate, manage or control the subject hotel, as evidenced by the limited services it is authorized to provide in the contract documents. The correspondence corroborates appellant's position since it shows that appellant was merely responding to a complaint lodged by a hotel guest in its capacity as a representative of Cigahotels, S.p.A., in compliance with the terms of its service contract. Although it used Cigahotels, S.p.A., letterhead and its trade-mark, appellant's agency was always disclosed at the bottom of each letter. Accordingly, appellant's motion for summary judgment should have been granted. ¶ Furthermore, postponing a decision on appellant's motion in order to allow plaintiffs to discover if appellant and the Italian corporation have the same shareholders, board of directors and officers is not warranted. Courts will only pierce the corporation veil and hold two corporations to constitute a single legal unit, where one is so related to, or organized, or controlled by, the other as to be its instrumentality or alter ego. The fact plaintiffs may discover that the two corporations have identical controlling shareholders, officers and directors does not, by itself, warrant disregarding the separate corporate entities (see *Berkey v Third Ave. Ry. Co.*, 244 NY 84; *Bank v Rebold,* 69 AD2d 481; Liability of a Corporation for Torts of Subsidiary, Ann., 7 ALR3d 1343; see, generally, 13 NY Jur 2d, Business Relationships, §§ 26, 30; 14 NY Jur 2d, Business Relationships, § 731). Mangano, J. P., Bracken, Rubin and Eiber, JJ., concur.