**In re RAY DOBBINS LINCOLN–MERCURY, INC., Debtor.**

**RAY DOBBINS LINCOLN–MERCURY, INC., Plaintiff,**

v.

**FORD MOTOR COMPANY, et al., Defendants.**

**In re Rayfeal Condread DOBBINS, aka Ray C. Dobbins, and Mary Ellen Dobbins, aka Mary E. Dobbins, Debtors.**

**Rayfeal Condread DOBBINS and Mary Ellen Dobbins, Plaintiffs,**

v.

**FORD MOTOR COMPANY, et al., Defendants.**

Bankruptcy Nos. 7–81–00242, 7–81–00243.
Adv. Nos. 7–82–0206, 7–82–0207.
Misc. Nos. 83–M–10–R, 83–M–9–R.

United States District Court, W.D. Virginia, Roanoke Division.

Oct. 25, 1984.

Jonathan M. Apgar, Salem, Va., Gordon H. Shapiro, Roanoke, Va., for plaintiff.

James F. Douthat, Roanoke, Va., E. Milton Farley, III, Washington, D.C., for defendants.

## MEMORANDUM OPINION

TURK, Chief Judge.

On April 7, 1982, Plaintiffs Rayfeal Condread Dobbins and mary Ellen Dobbins brought their action against Ford Motor Company (Ford Motor) and its wholly owned subsidiaries, Ford Motor Credit Company (Ford Credit) and Ford Leasing Development Company (Ford Leasing), for allegedly conspiring against Plaintiffs in violation of Va.Code § 18.2–500. (Dobbins Complaint, ¶ 17). The object of the alleged conspiracy was, Plaintiffs claim, to prevent them from subleasing the premises occupied by Ray Dobbins Lincoln-Mercury, Inc. By an Amended Complaint of January 31, 1983, Plaintiff Ray Dobbins Lincoln-Mercury, Inc. (the Dealership), sought from Ford Motor and Ford Credit damages resulting from an alleged further conspiracy against the Dealership.

The court's summary judgment order of August 16, 1984, operated as a dismissal of the case as to Ford Motor and disposed altogether of five of the six counts in the

Amended Complaint.[1] Surviving that order are only those portions of the Dobbins' Complaint and Count VI of the Amended Complaint asserting the involvement of Ford Leasing and Ford Credit in conspiracies with Ford Motor against Plaintiffs. The two subsidiaries have now moved the court to dismiss these remaining causes of action for failure to state a claim upon which relief can be granted.

Defendants argue, and the court agrees in part, that the Supreme Court's recent decision in *Copperweld Corp. v. Independence Tube Corp.*, —— U.S. ——, 104 S.Ct. 2731, 81 L.Ed.2d 628 (1984), is dispositive of the remaining claims. The Court held there that a parent corporation and its wholly owned subsidiary—though separately incorporated—are incapable of conspiring in violation of § 1 of the Sherman Act. 15 U.S.C. § 1. The intra-enterprise conspiracy doctrine, the court reasoned, affords undue significance to the mere fact of separate incorporation while ignoring the common objectives of parent and subsidiary. 104 S.Ct. at 2743. It is the very nature of their relationship that "the subsidiary acts for the benefit of the parent .... If a parent and a wholly owned subsidiary do 'agree' to a course of action, there is no sudden joining of economic resources that had previously served different interests." *Id.* 104 S.Ct. at 2742. Rather, the parent's control over its subsidiary, whether or not actually manifested, ensures their unity. *Id.* 104 S.Ct. at 2742. The mere coordinated activity of a parent and its wholly owned subsidiary is completely unilateral, never susceptible of the "conspiracy" label.

■ While admitting that Ford Credit and Ford Leasing are wholly owned subsidiaries of Ford Motor, (Dobbins Complaint, ¶¶ 2 and 3), Plaintiffs contend that *Copperweld* is inapposite simply because it addressed specifically conspiracy under the

---

1. In its order accompanying this opinion, the court denies the Dealership's motion for relief from the August 16 order. Grant of that motion would also have preserved Count IV of the Amended Complaint.

Sherman Act; Plaintiffs in the instant case allege, on the other hand, violation of a state conspiracy statute. The court is unpersuaded by this superficial distinction. Contrary to Plaintiffs' assertions, *Copperweld* is not so discretely framed as to preclude its application in all but Sherman Act cases. The Supreme Court's guidance being uncontradicted by any authority regarding the particular Virginia statute, the *Copperweld* logic must control. Consequently, a parent corporation and its wholly owned subsidiary are equally incapable of conspiring under each of the two statutes.

■ Defendants' reliance on *Copperweld* is ill-placed, however, as to any allegation of conspiracy between the two subsidiaries. Such a conspiracy in no way implicates the rejected intra-enterprise conspiracy doctrine, which applies only where the parent is an alleged co-conspirator. It is unclear from the Complaint whether the Dobbins allege a conspiracy not only between Ford Motor and each of its wholly owned subsidiaries, but also between the two subsidiaries, Ford Credit and Ford Leasing. To the extent that they allege the latter, *Copperweld* is of no effect.

Because *Copperweld* has made it impossible for Plaintiff Ray Dobbins Lincoln-Mercury, Inc., to prove the existence of a conspiracy between Ford Motor and its wholly owned subsidiary, Ford Credit, Count VI of the Amended Complaint—now comprising all of the Dealership's claims— is properly dismissed. This same reasoning supports dismissal of that portion of the Dobbins' claims alleging that Ford Credit and Ford Leasing conspired with their parent, Ford Motor. Insofar as the Dobbins allege a conspiracy between Ford Credit and Ford Leasing, *Copperweld* is inapplicable and the claim should not be dismissed.

The clerk is directed to send a certified copy of this Memorandum Opinion and Order to counsel of record.