■ In the Matter of TOTAL CARE HEALTH INDUSTRIES, INC., et al., Respondents, v DEPARTMENT OF SOCIAL SERVICES et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the Department of Social Services, dated September 9, 1986, which withheld Medicaid payments to the petitioner Total Care Health Industries, Inc. to offset overpayments to another defunct corporation, the appeal is from so much of a judgment of the Supreme Court, Queens County (Kassoff, J.), dated October 13, 1987, which granted the petition, reversed the determination, and ordered payment to the petitioner Total Care Health Industries, Inc.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

In December 1982 while still a part (25%) owner of A & G Care, Inc. (hereinafter A & G), a retailer of durable medical equipment, the petitioner Strilcic formed another corporation, Total Care Health Industries, Inc. (hereinafter Total Care), which was engaged in the same line of retail sales. Although Strilcic claimed that Total Care was started with his wife's money and a loan he made to her, and that she was its secretary and sole stockholder, according to documents filed with the Department of Social Services (hereinafter DSS), Strilcic listed himself as sole owner, officer and director. It was not until 1984 that his wife's name appeared on any Total Care DSS statement.

Both A & G and Total Care were registered Medicaid providers. After Strilcic had formed Total Care and after he had sold his interest in A & G to a third party in August 1983 the DSS conducted an audit of A & G as part of a Medicaid fraud investigation. The audit revealed a substantial overpayment to A & G for the time period during which Strilcic was still a shareholder. Thereafter A & G filed for bankruptcy, and the DSS began to withhold Medicaid reimbursement payments

to Total Care in order to recoup Strilcic's 25% share of the overpayment to A & G. By this time Total Care was wholly owned by Strilcic's wife.

The petitioners commenced the instant proceeding in order to compel the DSS to fully reimburse Total Care for its Medicaid payments. The petitioners argue that the DSS cannot pierce the corporate veil of Total Care in order to recoup its overpayment to A & G since both corporations were completely separate and distinct legal entities. We agree.

In general, the courts will not pierce the corporate veil to reach a shareholder because the corporate form is a legitimate means of avoiding personal liability *(Berkey v Third Ave. Ry. Co.,* 244 NY 84, *rearg denied* 244 NY 602), and corporations are legal entities distinct from their shareholders and have an independent legal existence *(Port Chester Elec. Constr. Corp. v Atlas,* 40 NY2d 652, 656). However, the courts do have the power to look behind the corporate form in order "to prevent fraud or to achieve equity" *(International Aircraft Trading Co. v Manufacturers Trust Co.,* 297 NY 285, 292). Thus, where a shareholder uses the corporation to transact his personal business, as distinct from corporate business, a shareholder will be held liable for acts of the corporation in accordance with the general principles of agency *(Walkovsvzky v Carlton,* 18 NY2d 414, 418-419).

There is no evidence in the record before us to indicate that Total Care was transacting any personal business on Strilcic's behalf. Moreover, there is nothing which indicates that Total Care was related to A & G, except for Strilcic's involvement and employment. The "[c]ourts will only pierce the corporat[e] veil and hold two corporations to constitute a single legal unit, where one is so related to, or organized, or controlled by, the other as to be its instrumentality or alter ego" *(Ioviero v Ciga Hotels,* 101 AD2d 852, 853). The mere fact that Strilcic was a shareholder, officer, and director in both companies does not, by itself, warrant disregarding the separate corporate entities *(Ioviero v Ciga Hotels, supra).*

As there is no evidence that Total Care was the alter ego of A & G, the DSS's determination to withhold Medicaid payments to Total Care in order to recoup overpayments to A & G was arbitrary and capricious *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222). Lawrence, J. P., Spatt, Sullivan and Balletta, JJ., concur.