## CIRCUIT COURT OF FAIRFAX COUNTY

Zimpel

v.

LVI Energy Recovery Corp. et al.

April 23, 1991

Case No. (Law) 101861

By JUDGE MICHAEL P. McWEENY

This matter is before the Court on defendant's Demurrer and Plea in Bar and plaintiff's Motion for Leave to File a Second Amended Motion for Judgment. For the reasons set forth below, the defendant's demurrer is sustained in part and overruled in part, and plaintiff's motion is denied.

### I. *Civil Conspiracy*

Defendants demur to Count II for Civil Conspiracy on two bases: (1) a parent cannot conspire with its subsidiary; and (2) Code § 18.2-499 does not protect employment as opposed to business injuries. The demurrer is sustained.

First, Code § 18.2-499 requires two or more persons before there can be a conspiracy. The U.S. Supreme Court has held that a parent and its wholly-owned subsidiary cannot conspire as separate enterprises for purposes of section one of the Sherman Act (15 U.S.C. § 1). *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 104 S. Ct. 2731, 2741 (1984). The rationale for their ruling is that

a parent and subsidiary have a complete unity of interest with common objectives and a single corporate consciousness. *See id.* at 2741-42. The Virginia Civil Conspiracy statute has likewise been construed to disallow consideration of a parent and its wholly owned subsidiary as separate "persons." *See In Re Ray Dobbins Lincoln-Mercury, Inc.*, 604 F. Supp. 203, 205 (W.D. Va. 1984), *aff'd*, 813 F.2d 402 (4th Cir.).

In the present case, the Amended Motion for Judgment alleges that LVI Energy is a wholly-owned subsidiary of NICO, who is a wholly-owned subsidiary of LVI group. Therefore, LVI Energy is in essence a wholly-owned subsidiary of LVI Group, and the two are incapable of conspiring under Code § 18.2-499.

Next, Va. Code § 18.2-499 protects against injury to reputation, trade, business or profession. The statute has been construed not to address injuries to one's employment interests under this provision. *Jordan v. Hudson*, 690 F. Supp. 502, 507 (E.D. Va. 1988).

> A right of action is "afforded . . . only when malicious conduct is directed at one's *business*, not one's *person*," and . . . the statute "focuses upon conduct directed at property, *i.e.*, one's business," and applies only to "conspiracies resulting in business-related damages" . . ." [T]he employment relationship [is to] be characterized as a personal right as opposed to a business interest" and is without the ambit of these state statutes.

*Buschi v. Kirven*, 775 F.2d 1240, 1259 (4th Cir. 1985) (citing, *inter alia, Campbell v. Board of Supervisors*, 553 F. Supp. 644, 645 (E.D. Va. 1982).

Since the plaintiff's motion for judgment alleges that defendants conspired for the purpose of violating plaintiff's contract rights in the employment agreement, under these cases, the allegations do not set forth a cause of action for Civil Conspiracy.

## II. *Declaratory Judgment*

Defendants demur to Count III for declaratory judgment on the grounds that (1) the contract terms are reasonable; and (2) a breach of contract by LVI would provide no basis to revise the agreement of the parties. The demurrer. is overruled.

Defendant's first argument goes beyond the scope of demurrer. Defendants "reasonability" arguments go not to the fact that plaintiff has failed to state a claim for declaratory judgment but that, substantively, plaintiff cannot win the action because the covenants are, in fact, reasonable. Whether restrictive covenants in an employment contract will be enforced in equity depends on the facts in each particular case. *Richardson v. Paxton Company*, 203 Va. 790, 794 (1962); *Sprinzen v. Nomberg*, 56 N.Y.2d 623, 389 N.E.2d 456, 460 (C.A. 1979). A demurrer tests the legal sufficiency of the Motion for Judgment. *Elliott v. Shore Stop, Inc.*, 238 Va. 237, 239 (1989). Since the Motion for Judgment did not incorporate the contact or the covenants, the court cannot make such a determination as a matter of law on demurrer. The demurrer is also overruled on the non-enforceability argument.

## III. *Jury Trial*

As the request for a jury trial has been withdrawn, the argument on this point is moot.

## IV. *Corporate Veil Piercing*

Defendants also demur on the basis that the LVI Group is not a proper defendant, as it was not a party to the employment contract, and insufficient facts are pleaded to pierce the veil. Plaintiff contends that LVI Group may be held liable on the contract as a parent company under New York law. The demurrer is sustained.

Under New York law, in order to disregard the corporate entity of a wholly-owned subsidiary, absent express agency, estoppel or direct tort, it must be established that the subsidiary is a mere instrumentality of the parent. *Cameron Equipment Corporation v. People*, 297 N.Y.S.2d 326, 329 (A.D. 4 Dept. 1969), *aff'd*, 27 N.Y.2d 634, 313 N.Y.S.2d

763, 261 N.E.2d 668, *A. W. Fiur Co., Inc. v. Ataka & Co., Ltd.*, 422 N.Y.S.2d 419, 422 (A.D. 1 Dept. 1979). Under the instrumentality rule, three elements must be established:

(1) Control, not mere majority or complete stock control, but complete domination, not only of finances but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own; and

(2) Such control must have been used by the defendant to commit fraud or wrong, to perpetrate the violation of a statutory or other positive legal duty, or a dishonest and unjust act in contravention of plaintiff's legal rights; and

(3) The aforesaid control and breach of duty must proximately cause the injury or unjust loss complained.

*Cameron*, 297 N.Y.S.2d at 329 (citing *Lowendahl v. Baltimore and Ohio R.R. Co.*, 247 App. Div. 144, 157, 287 N.Y.S. 62, 74).

The fact that two corporations have identical controlling shareholders, officers, and directors does not, by itself, warrant disregarding the separate corporate entities. *Ioviero v. CIGA Hotels, Inc.*, 475 N.Y.S.2d 880, 881 (A.D. 2 Dept. 1984); *see also, Musman v. Modern Deb. Inc.*, 377 N.Y.S.2d 17, 20, 50 A.D.2d 761 (1975) (stock control, interlocking directors and officers, and the like are in and of themselves insufficient). Additionally, it is not enough that the parent and subsidiary hold themselves out as being a single integrated operation, controlled and managed from the parent's offices. *Kashfi v. Phibro-Salomon, Inc.*, 626 F. Supp. 727, 733 (S.D. N.Y. 1986).

A parent or affiliated corporation will not be held liable for the contractual obligation of a subsidiary or affiliate unless it is exercising complete domination and control in that matter; otherwise, the court must dismiss a contract action against the parent. *Gulf & Western*

*Corp. v. New York Times Co.*, 439 N.Y.S.2d 13, 15 (App. Div. 1981). There must be direct intervention by the parent in the management of the subsidiary to such an extent that the subsidiary's paraphernalia of incorporation, directors and officers are completely ignored. *Billy v. Consolidated Mach. Tool Corp.*, 412 N.E.2d 934, 41 N.Y.2d 152, 432 N.Y.S.2d 879, 886 (C.A. 1980). A bald allegation that a corporation exerts control over the decisions of its wholly-owned subsidiary is not sufficient to sustain a claim against the parent corporation; nor does "collaborative activity" between related corporations, without more, present adequate grounds for piercing the corporate veil. *Kashfi*, 628 F. Supp. at 733-34.

The plaintiff's allegations in the Amended Motion for Judgment do not reflect the necessary degree of control to support piercing the corporate veil under New York law.

## V. *Plaintiff's Motion*

The plaintiff's motion for leave to file a second amended motion for judgment is denied for two reasons.

First, in order to state a claim for the tort of conspiring to induce the breach of a contract, the plaintiff must establish that there was a conspiracy to procure the breach of contract and that pursuant to such conspiracy, the contract was breached. *Bowman v. State Bank of Keysville*, 229 Va. 534, 540-41 (1979). There must be two persons to comprise a conspiracy, and therefore a third party is necessary to create an actionable conspiracy to induce a breach of contract. *Id.* at 541. As set forth previously, a corporation and its wholly-owned subsidiary are not considered distinct "persons" capable of conspiring together. *See, In re Ray Dobbins*, 604 F. Supp. at 205. As there is no "third person" alleged in the present case beyond the parent and subsidiary, the plaintiff's motion must be denied.

Additionally, aside from the merits of the pleading, the trial in this matter is scheduled within two months. The Second Amended Motion for Judgment would add new elements and new damages. While leave to amend is to be granted liberally, the Court finds this motion to be untimely.