■ JOSE RIVERA et al., Appellants, v CITGO PETROLEUM CORPORATION et al., Defendants, and ASTI HOLDING CORP. et al., Respondents. (And a Third-Party Action.)—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) so much of an order of the Supreme Court, Kings County (Krausman, J.), dated April 6, 1990, as granted the motion of the defendant New York Fuel Terminals, Inc., for

summary judgment dismissing the complaint insofar as it is asserted against it, and (2) an order of the same court (Vaccaro, J.), dated July 6, 1990, which granted the motion of the defendant Asti Holding Corp. for summary judgment dismissing the complaint insofar as it is asserted against it.

Ordered that the order dated April 6, 1990, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated July 6, 1990, is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

Once a moving party has demonstrated an entitlement to summary judgment, the party opposing the motion must demonstrate, by admissible evidence, the existence of a factual issue requiring a trial of the action, or tender a reasonable excuse for the failure to do so *(see, Zuckerman v City of New York,* 49 NY2d 557). The documentation submitted in opposition to the motions for summary judgment was devoid of evidentiary facts in support of the plaintiffs' contention that the defendants constituted a single legal unit.

Generally, " '[c]ourts will only pierce the corporat[e] veil and hold two corporations to constitute a single legal unit, where one is so related to, or organized, or controlled by, the other as to be its instrumentality or alter ego' " *(Matter of Total Health Care Indus. v Department of Social Servs.,* 144 AD2d 678, 679, quoting *Ioviero v Ciga Hotels,* 101 AD2d 852, 853). The plaintiffs have failed to satisfy their burden of establishing that there is a basis on which to pierce the corporate veil in the instant case *(see, Ravel v Dirco Enters.,* 159 AD2d 564). Balletta, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.