(October 13, 1994)

■ 61ST & PARK AVENUE CORPORATION, Appellant, v PORT MORRIS TILE AND MARBLE CORPORATION, Respondent. [617 NYS2d 167] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered December 9, 1993, which denied plaintiff's motion to amend its summons and complaint and granted defendant's cross-motion for summary judgment, unanimously affirmed, with costs.

Although the named corporate defendant has a similar name to the corporation which actually entered into, and performed, the contract with plaintiff (i.e., "Port Morris Tile and Terrazzo Corp."), and shares a similar address and attorneys with said corporation, defendant did not exist until some three years after the contract was entered into and the work performed. Nor is there evidence that defendant had anything to do with the relevant contract and its performance. The invoices and other documentary evidence clearly indicate that the contracting party was Terrazzo and not the defendant. Under these circumstances, there is no basis to add Terrazzo as a party to the instant action, which was appropriately dismissed *(see, Ioviero v Ciga Hotels,* 101 AD2d 852; *Polizzano v Gotham Constr. Corp.,* 47 AD2d 48). Moreover, plaintiff has failed to satisfactorily support its belated assertion that dis-

covery is needed to demonstrate that Terrazzo's liability should be imputed to defendant *(cf., Denkensohn v Davenport,* 130 AD2d 860). Concur—Murphy, P. J., Sullivan, Rosenberger, Nardelli and Tom, JJ.