Samoleski v Revival Home Health Care Agency (2022 NY Slip Op 03537)





Samoleski v Revival Home Health Care Agency


2022 NY Slip Op 03537


Decided on June 1, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.


2019-10056
 (Index No. 28261/08)

[*1]Frank Samoleski, etc., respondent, 
v
Revival Home Health Care Agency, et al., defendants, Caring Home Care, Inc., appellant.


Marks, O'Neill, O'Brien, Doherty & Kelly, P.C., Elmsford, NY (James M. Skelly and Robert Fein of counsel), for appellant.
Law Offices of Michael A. Cervini, P.C. (The Altman Law Firm, PLLC, Woodmere, NY [Michael T. Altman], of counsel), for respondent.



DECISION & ORDER
In a consolidated action, inter alia, to recover damages for personal injuries, the defendant Caring Home Care, Inc., appeals from an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated April 15, 2019. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, with costs.
This consolidated action was commenced, inter alia, to recover damages for personal injuries based on allegations, among other things, that the negligence of the defendants caused or contributed to the injuries of the plaintiff's decedent. After discovery, the defendant Caring Home Care, Inc. (hereinafter the defendant), moved for summary judgment dismissing the complaint insofar as asserted against it, arguing that it could not be held liable because it was an entity that did not exist on the date of the alleged injuries sustained by the plaintiff's decedent. In the order appealed from, dated April 15, 2019, the Supreme Court denied the motion, and the defendant appeals.
The defendant established, prima facie, through the submission of its certificate of incorporation, that it was not incorporated until a date subsequent to the date on which the plaintiff's decedent sustained her injuries (see 61st & Park Ave. Corp. v Port Morris Tile & Marble Corp., 208 AD2d 397, 397; Rivera v Citgo Petroleum Corp., 181 AD2d 818, 819). However, the defendant failed to eliminate all triable issues of fact as to whether there had been a de facto merger between itself and a predecessor entity, or whether it was a mere continuation of that predecessor entity, sufficient to render it liable for the alleged torts of its alleged predecessor in the instant action (see Nationwide Mut. Fire Ins. Co. v Long Is. A.C., Inc., 78 AD3d 801, 802; see also Menche v CDx Diagnostics, Inc., 199 AD3d 678, 680-681; Shea v Salvation Army, 169 AD3d 1081, 1082; cf. Washington Mut. Bank, F.A. v SIB Mtge. Corp., 21 AD3d 953, 954-955).
In light of our determination, we need not consider the defendant's remaining [*2]contention.
Accordingly, the Supreme Court properly denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
DILLON, J.P., ROMAN, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court