### Richmond

## EAST TEXAS SALVAGE & MACHINE

### V.

## CLEVELAND DUNCAN, t/a INTERSTATE BODY SHOP

September 9, 1983.

Record No. 810152.

Present: Carrico, C.J., Cochran, Poff, Compton, Stephenson, and Thomas, JJ., and Harrison, Retired Justice.

*H. Gregory Campbell, Jr. (Gilmer, Sadler, Ingram, Sutherland & Hutton,* on brief), for appellant.
*Richard W. Davis (Davis, Stone & Wall,* on brief), for appellee.

THOMAS, J., delivered the opinion of the Court.

Cleveland Duncan, t/a Interstate Body Shop (Duncan), sought to recover from East Texas Salvage & Machine (East Texas) money allegedly owed for Duncan's work in clearing away a wreck from a highway and in storing the wrecked vehicle. At a jury trial, where Duncan prevailed, the court permitted Duncan to prove, as an element of his damages, the amount of the attorney's fees incurred by him in prosecuting his claim. East Texas contends that this action by the court constitutes reversible error. We disagree. We will affirm the trial court's ruling.

In general, attorney's fees are not recoverable as damages. However, one exception to this general rule is where the parties by contract agree that attorney's fees will be recoverable. Such a contract existed here.

The facts and circumstances surrounding the creation of the contract are as follows: In March, 1979, Duncan was called to the scene of an accident in Montgomery County and requested to remove from the highway a wrecked vehicle owned by East Texas. Duncan cleared the wreckage and towed the wrecked vehicle to his place of business.

Thereafter, Duncan refused to release the wrecked vehicle to East Texas until the bill for clearing the wreck, towing, and storage had been paid. East Texas claimed that Duncan's bill was too high, refused to pay, and filed a Detinue Action to recover the vehicle. That action was settled when East Texas agreed to post a financial guarantee bond which stated its purpose in the following terms:

to secure any future legal action which might taken [sic] against [East Texas] for services rendered by [Duncan] to [East Texas] and his [sic] agents, for which [Duncan] was not fully compensated; and, [sic] *To include interest from the date of the pick-up and reasonable attorneys [fees] as may be awarded by the ct.*

The underscored language was handwritten and initialed by counsel for both parties. Upon the posting of the bond, Duncan released the vehicle to East Texas.

East Texas, however, continued to refuse to pay Duncan's bill. Duncan then filed the action that led to this appeal. There, the meaning of the language of the bond became an issue. The trial court construed the language to mean that Duncan could recover his attorney's fees.

During trial, East Texas never contended that there was no contract between the parties. It, in essence, admitted the existence of a contract between Duncan and East Texas but claimed the contract would only permit Duncan to recover attorney's fees if those fees were otherwise recoverable under the law. The court heard argument from both parties, considered the bond language quoted above, then ruled as follows:

[I]n construing that language I have to construe it as meaning that the Defendant would be liable for such Attorney's fees as would appear reasonable to the Court trying the case in this instance, to wit: The Jury of this case under proper instruction from the Court as to how the Attorney's fees may be arrived at. That is my ruling.

It is well settled in Virginia that "[w]here a written contract is clear and unambiguous on its face it is the duty of the court to construe it. . . ." *Geoghegan* v. *Arbuckle Brothers,* 139 Va. 92, 100, 123 S.E. 387, 389 (1924). Here, the language in the bond was unambiguous and we find no error in its construction by the trial court.

Had the parties intended that Duncan recover only such attorney's fees as were "allowable by law," the bond should have so recited or remained silent as to fees. Instead, it expressly provided that Duncan recover such fees as may be "awarded by the court." Clearly, it was the intent of the parties that any award by the court to Duncan include not only his claim against East Texas for

services rendered but interest thereon from the day rendered, and reasonable attorney's fees incurred by Duncan in obtaining the award.

In light of the foregoing the judgment of the trial court will be

*Affirmed.*