## CIRCUIT COURT OF CHESTERFIELD COUNTY

Meeko Corp.

v.

Chesterfield Commerce Center et al.

October 19, 1988

Case No. (Chancery) 775-88

By JUDGE HERBERT C. GILL, JR.

On June 23, 1988, Defendants filed demurrers to the Bill of Complaint in its entirety and separately for Counts II and IV. Defendants argue that the Bill of Complaint fails to comply with Rule 1:4 of the Supreme Court of Virginia, Count II neglects to state facts which support a civil conspiracy claim as a conspiracy cannot exist among partners, and Count IV omits facts which support a fraudulent misrepresentation action.

The legal memorandum submitted in support of Defendants' position presents argument in support of a demurrer to Count III regarding tortious interference with contractual rights and/or a business expectancy. However, a demurrer to Count III has not been filed, and therefore the issue is not before the Court. Demurrers must be in writing and set forth the specific grounds for the motion. Va. Code Section 8.01-273 (1950) as amended.

Upon consideration of the pleadings and argument presented, Defendants' demurrers are overruled. Counsel for Plaintiff is directed to prepare an Order in accordance with this opinion. Counsel for the Defendants must file

a responsive pleading pursuant to Rule 2:12 of the Supreme Court of Virginia.

This action arises out of alleged misrepresentations, tortious conduct, and breach of certain obligations in regard to the purchase of realty from the Defendants. Plaintiff asserts that Defendant represented the realty as "ready for development" and that Plaintiff relied thereon when in fact approval from Chesterfield County zoning officials had not been obtained. County officials apparently will not issue Plaintiff a certificate of occupancy until adequate provision for a truck "turn-around" is made.

Plaintiff contends that Defendants' alleged failure to secure approval as to such matters and other conduct specified in the Bill of Complaint constitute actionable fraud and breach of contract. Plaintiff also asserts that the Defendants in their individual capacity and as partners in the partnership conspired to injure Plaintiff's business. Plaintiff seeks specific performance, restitution, injunctive relief, and damages. The Court has denied injunctive relief and ordered the removal of a lis pendens from the adjacent properties in the development owned by Defendants.

In regard to the demurrer to the Bill of Complaint in its entirety, Defendant asserts that the "allegations in each numbered paragraph of the bill of complaint are too numerous and convoluted to permit a response." *See* page 6 of Defendants' legal memorandum. Plaintiff argues that the pleadings have provided fair notice of the claim pursuant to Rule 1:4(e) and that demurrers as to form are disallowed. *See* page 2 of Plaintiff's legal memorandum, citing *Washington v. Garrett*, 189 Va. 57 (1949).

Plaintiff's Bill of Complaint complies with the pleading requirements set forth in Rule 1:4 of the Supreme Court of Virginia. The pleading sufficiently informs Defendants of the true nature of the claims. It appears somewhat contradictory for Defendants to claim no fair notice, yet argue that the causes of action presented in Counts II and IV are unsupported by the facts plead.

Although the numerous allegations within each numbered paragraph may require Defendants to restate several allegations, such shortcomings in pleadings do not provide a basis for a demurrer. Brevity is encouraged and not mandated. Rule 1:4(j) of the Supreme Court of Virginia. Objections

to form do not warrant abatement of a claim. Va. Code Section 8.01-275 (1950) as amended.

A demurrer admits the truth of all material facts that are properly pleaded. Under this rule, "The facts admitted are: (1) facts expressly alleged, (2) facts which are by fair intendment impliedly alleged, and (3) facts which may be fairly and justly inferred from the facts alleged," *Duggin v. Adams*, 234 Va. 221, 223 (1987), citing *Ames v. American Nat. Bank*, 163 Va. 1, 37 (1934). Upon a demurrer to a complaint, "only the complaint itself, together with the exhibits filed with it, can be looked to in order to ascertain its sufficiency." 6A M.J. *Demurrers*, Section 26, citing *Lister v. Virginia Nat. Bank*, 209 Va. 739 (1969). Pleadings other than the complaint are not considered. *Basic Constr. Co. v. Community Hosp.*, 213 Va. 587 (1973).

Count II sufficiently states a cause of action for civil conspiracy. The underlying rationale of the recognized exception to the intracorporate conspiracy doctrine permits creation of an analogous exception in the context of partnerships. Fairly inferred from facts alleged is that the partners acted outside of the scope of the partnership when making certain representations and/or omissions. Such acts and allegations regarding damages adequately state a conspiracy claim for civil relief within Section 18.2-500 of the Virginia Code.

A civil conspiracy claim pursuant to the aforementioned provision requires a showing that certain conduct in furtherance of a conspiracy resulted in Plaintiff's damages. *Allen Realty Corp. v. Holbert*, 227 Va. 441 (1984). Conspiracy is defined as a combination of two or more persons for the purpose of willfully and maliciously injuring Plaintiff's business. *Id.*, 227 Va. 441 (1984).

Defendants argue that the individual partners and the partnership are incapable of conspiracy as the act of every partner, "for apparently carrying on in the usual way the business of the partnership which he is a member binds the partnership." Va. Code Section 50-9(1) (1950). The Bill of Complaint provides that, "The aforementioned acts and omissions by Johnson and Turner were made in the ordinary course of the business of the partnership." *See* Count I, paragraph # 22, which is incorporated into Count II.

Other jurisdictions have recognized conspiracy claims against partners and their partnership. *Fox v. Wilson*, 85 N.C. App. 292 (1987). On appeal, the Court held that the trial court erred in dismissing a conspiracy claim filed against a law partner and his firm.

Although the so-called "intracorporate conspiracy doctrine" as applied in the context of a partnership precludes the existence of a conspiracy, a trier of fact could infer from the facts alleged that Plaintiff's claim falls within a noted exception. The doctrine as recognized in Virginia provides that a corporation and its agents or employees, when acting for the corporation and not for any personal purpose or gain of their own, constitute a single entity. *See generally Ray Dobbins Lincoln-Mercury, Inc. v. Ford Motor Co.*, 604 F. Supp. 203 (W.D. Va. 1984), *aff'd.* 813 F.2d 402 (4th Cir. 1985).

The doctrine has been applied in the context of city employees acting as agents of the city. *Fox v. Deese, et al.*, 234 Va. 412 (1987). In *Fox v. Deese, et al.*, the trial court sustained demurrers to Plaintiff's conspiracy claims and dismissed the case. On appeal, the Court reversed the judgment of the trial court and held that the demurrers should have been overruled noting, "whether the defendants were acting within the scope of their employment is an issue that requires an evidentiary hearing." *Id.*, 234 Va. 412 (1987).

As in *Fox v. Deese, et al.*, it would be inappropriate to sustain the demurrer. The facts alleged reasonably infer that the partners committed certain acts not apparently for the carrying on of the business of the partnership in the usual way. For example, see paragraphs # 5 and # 6 of the Complaint. Such acts would not bind the partnership unless authorized by the other partners. Va. Code Section 50-9(2).

Plaintiff's allegation in paragraph # 22 of Count I, that the partners' actions were in the usual course of the business, is not irreconcilably inconsistent with the inference drawn from other allegations that certain conduct was outside the scope of the partnership. *See* paragraph # 22 of Count I incorporated into Count II. The allegation only refers to "aforementioned" conduct and does not preclude the inference that the partners committed certain acts as individuals.

In *Fox v. Deese, et al.,* the plaintiff alleged the employee's status as an agent and in a separate allegation that the employee had acted in his individual capacity. On appeal, the Court held that the trial court erred in sustaining the plea of estoppel noting that the allegations were not necessarily inconsistent and that Plaintiff could present evidence that the employee left the scope of his employment and had acted on his own behalf. Likewise, Plaintiff could establish that the partners "left the scope" of their business relationship and acted on their own behalf.

Count IV sufficiently states a cause of action for fraudulent misrepresentation. Plaintiff alleges that Defendants falsely represented the property sites as "ready for development" when in fact Chesterfield zoning officials had not yet approved certain development plans. Defendants argue that Plaintiff is estopped from alleging fraud given that paragraph # 3.06 of the deed restrictions provides:

> It is the responsibility of the individual site user to verify and conform with all requirements of governing agencies and obtain and maintain all necessary permits prior to commencement and development.
>
> All pertinent requirements of public agencies shall be followed in the development of this property, and all plans must be approved by Chesterfield County.

Plaintiff asserts that Defendants' estoppel claim, "has no bearing on whether a demurrer should be sustained." *See* page 8 of Plaintiff's memorandum. However, the restrictions were filed as an exhibit with the Complaint and therefore may be considered. 6A M.J. *Demurrers,* Section 26, citing *Lister v. Virginia Nat. Bank,* 209 Va. 739 (1969).

Defendants' estoppel claim fails to defeat Plaintiff's action. Although it appears that the aforementioned restriction confers a duty for Plaintiff to "verify and conform with all requirements," the Defendants' must not divert plaintiff from making such inquiries. *Armentrout v. French,* 220 Va. 458 (1979). The alleged misrepresentation could constitute such a diversion.

Fraud involves a knowing misrepresentation of a material fact upon which the claimant relied to his detriment. *Cheatle v. Rudd's Swimming Pool Supply*, 234 Va. 207 (1987). Although the rule of caveat emptor pervades real estate transactions, the doctrine provides no protection to a seller who makes false representations of material fact inducing the buyer to contract in reliance of the representations made. *Boykin v Hermitage Realty*, 234 Va. 26 (1987).

The Complaint alleges that the real estate was represented as "ready for development," Defendants' knew additional plans were required to be filed, the preparations were a critical concern, Plaintiff relied on Defendants' representations and the proximate cause of such was the suspended operation of Plaintiff's business, utility advancements and jeopardizing certain loans. *See* paragraphs # 6, # 16, and # 20 of Count I and paragraphs # 7 and # 9 of Count II which were incorporated within Count IV.