## CIRCUIT COURT OF FAIRFAX COUNTY

Joel I. Keiler

v.

Valley Proteins, Inc.,
and Gerald F. Smith, Sr.

June 15, 1989

Case No. (Law) 88858

By JUDGE LEWIS HALL GRIFFITH

On May 12, 1989, oral argument was heard by the Court on the demurrers of defendants Valley Proteins, Inc., and Gerald F. Smith, Sr., and the plaintiff's opposition thereto. This matter was subsequently taken under advisement.

Count I of plaintiff's amended motion for judgment is for breach of an express employment contract. The contract was entered into between defendant Valley Proteins, Inc., and the plaintiff. Valley has demurred to this Count on the grounds that it does not state a claim for attorneys fees or for interest to be awarded on any judgment. Valley's demurrer to the claim for attorneys fees is sustained under the case of *East Texas Salvage v. Duncan*, 226 Va. 160, 306 S.E.2d 896 (1983). Valley's demurrer to the interest plaintiff seeks in this Count is overruled as Virginia Code § 8.01-382 clearly allows for interest to be awarded on a judgment. Defendant Smith has demurred on the grounds that he is not a party to the contract, and therefore, no cause of action will lie against him for a breach of this contract. Smith's demurrer to Count I is sustained because he has been sued in his individual capacity and not as president of Valley Proteins in which capacity he signed the contract.

Count II is for intentional interference with contractual advantage. Plaintiff has voluntarily dismissed this Count.

Count III is for tortious (malicious) breach of contract. Defendants Valley and Smith have demurred stating that this cause of action is not recognized in Virginia. The Virginia Supreme Court has not recognized a cause of action for the tort of interference with contractual relations and the subsequent breach. The demurrers of both defendants are sustained as to Count III.

Count IV is for fraudulent misrepresentation. Defendant Valley again demurs on the grounds that no cause of action has been set forth against it. Plaintiff's allegations do not give rise to a cause of action against Valley because they specifically addressed the actions of defendant Smith in his negotiations with plaintiff prior to the employment contract being entered into. Accordingly, Valley's demurrer to Count IV is sustained. Defendant Smith has demurred on the grounds that this claim is not within the applicable statute of limitations and that it is directly contrary to the integration clause set forth in paragraph 15 of the employment contract. Smith further states that the damages which plaintiff seeks under this Court are not recoverable in a fraudulent misrepresentation claim. The 1950 Code of Virginia, § 8.01-325, as amended, specifically requires that any statute of limitations must be pleaded as an affirmative defense by the party claiming its benefit. This statute prohibits defendant Smith from properly alleging the statute of limitations as a ground for demurrer to Count IV. The allegations and damages set forth by the plaintiff are sufficient to state a cause of action against defendant Smith for fraudulent misrepresentation. Accordingly, Smith's demurrer to Count IV is overruled.

Count V is for defamation. Defendant Valley has demurred on the grounds that no cause of action has been set forth against it. Valley's demurrer is sustained as the allegations set forth in the motion for judgment in paragraph 17 are allegations that defendant Smith made the comments or statements which give rise to the defamation action. Defendant Smith has demurred on the grounds that the particularities of the statements and the damages alleged do not give rise to a cause of action for defamation. Smith's demurrer is overruled as plaintiff has suf-

ficiently set forth in paragraph 17 at least one specific instance in which Smith allegedly defamed the plaintiff.

Count VI is for breach of implied in law covenant of good faith and fair dealing. Defendant Valley has demurred on the grounds that Virginia law does not recognize a cause of action for breach of implied in law covenants of good faith and fair dealing. Plaintiff's contract is for a specific term of years. It can be distinguished from the position which defendant Valley takes which appears to the Court to be based on at will employment contracts. At will employment contracts do not give rise to a cause of action for breach of an implied promise of good faith and fair dealing. Accordingly, Valley's demurrer to Count VI is overruled. Defendant Smith demurs to Count VI on the grounds that no contract exists between plaintiff and himself, which could give rise to the implied covenant and subsequent breach. The Court having concluded that defendant Smith in his personal capacity is not a party to the contract between plaintiff and defendant Valley sustains defendant Smith's demurrer to Count VI.