## CIRCUIT COURT OF THE CITY OF NORFOLK

313 Freemason,
a Condominium Ass'n,
et al.

v.

Freemason Assocs., Inc.,
Conley Hall,
and Thomas Dana

August 30, 2002

Case Nos. (Law) CL 00-1339, CL 01-1341,

CL 01-1342, CL 01-1343, CL 01-1344

BY JUDGE JOHN C. MORRISON, JR.

This issue comes before the Court on Defendants Freemason Associates, Inc., Conley Hall, and Thomas Dana's Motion for Partial Summary Judgment. For the reasons stated below, the Court overrules the motion in part and sustains the motion in part.

In Virginia, a trial court may enter summary judgment only if no material fact is genuinely in dispute. Sup. Ct. Rules, Rule 3:18. In considering a Motion for Summary Judgment, a trial court must adopt those inferences from the facts that are most favorable to the nonmoving party, unless the inferences are forced, strained, or contrary to reason. *Dickerson v. Fatehi*, 253 Va. 324, 327 (1997). Summary Judgment is authorized only where the moving party is entitled to judgment as a matter of law. *Id.*; Michie's Jur., *Judgments and Decrees*, § 217.3, at 338 and 344.

*I. Defendants Hall and Dana seek to have Counts I and II of 313 Freemason's suit against them struck because they were not the declarants of the condominium and, at all relevant times, were acting on the behalf of Freemason Associates, Inc.*

Count I of Plaintiff 313 Freemason's Motion for Judgment alleges that Defendants Freemason Associates, Hall, and Dana breached the warranty contained in § 55-79.79 of the Condominium Act. Count II of Plaintiff 313 Freemason's Motion for Judgment alleges that Defendants violated § 55-79.90 of the Condominium Act, which requires that declarants give a full and fair disclosure of the condition of the condominium in a Public Offering Statement.

Defendants argue that only the declarant, Freemason Associates, can be liable under Counts I and II. During the June 26th hearing and in Plaintiff's Response to the Motion for Summary Judgment, Plaintiff put forth three arguments for holding the individual defendants liable for Counts I and II of 313 Freemason's suit.

*A. Hall and Dana are included in the definition of "Declarant" in § 55-79.41 of the Condominium Act.*

Va. Code § 55-79.41 defines a "declarant" as "any person, or group of persons acting in concert, that . . . applies for registration of the condominium." Section 55-79.41 defines a "person" as "a natural person, corporation, partnership, association, trust, or other entity capable of holding title to real property, or any combination thereof." Plaintiffs argue that Hall and Dana are included in the definition of declarant alongside the corporation. Plaintiffs also argue that Hall is a declarant as a matter of fact because he signed the affidavit for registration in his own name and not in his representative capacity.

Plaintiffs have stated that the registration process began in the name of Freemason Associates. Plaintiffs have not provided evidence that Hall's or Dana's name appear in any of the condominium instruments except for the Hall affidavit. (Plaintiff's Response to Motion for Summary Judgment, at 4.) Accepting these assertions as true, plaintiffs' construction of the definition of "declarant" appears to stretch the admittedly broad definition of "declarant" too far.

Every corporation is considered to be a separate and independent legal entity. The corporation must act through its officers and directors, or the corporation would not be able to conduct business. *In re County Green, L.P.,*

438 F. Supp. 701, 705 (W.D. Va. 1977). Hall and Dana, when establishing and registering 313 Freemason, the condominium, were acting in their corporate capacity. To hold otherwise would subvert the primary purpose for the creation of a corporation, the protection of the officers and directors from personal liability for acts of the corporation. Hall and Dana should not be held to be declarants on the basis of the definition alone.

Conley Hall signed his name on the registration affidavit without indicating that he was signing in his representative capacity. Plaintiff 313 Freemason offers this as proof that Hall is a declarant in fact. However, the signed affidavit says, in part, "that he is the Declarant of the condominium project . . . or that he is the officer or agent authorized by the declarant to affix his signature here." The capacity in which Hall signed the affidavit is ambiguous. Standing alone, it is not enough to establish that Conley Hall is a declarant in fact. Therefore, Plaintiff 313 Freemason's first argument is insufficient to establish a prima facie case for holding the individual Defendants liable under Counts I and II.

B. *Hall and Dana are liable as actors in the statutory violations of the corporation.*

Plaintiff 313 Freemason cites *PTS Corp. v. Buckman*, 263 Va. 613, 622 (2002). In that case, the Virginia Supreme Court reiterated that corporate officers may be held liable for their tortious conduct and that it is inconsequential that the cause of action is based on a statutory violation rather than a common law tort. See also *Town & Country Prop., Inc. v. Riggins*, 249 Va. 387, 397 (1995); *Miller v. Quarles*, 242 Va. 343, 347-48 (1991); *Sit-Set v. Universal Jet Exch., Inc.*, 747 F.2d 921, 929 (4th Cir. 1984). PTS Corp. must be distinguished from the case at hand.

In PTS Corp., the plaintiff brought an action against Alliance, a bail bond company, and two of its officers for violation of Va. Code § 8.01-40(A). Section 8.01-40 prohibits the unauthorized use of the name or likeness of another. The court found that the individuals were liable for the tortious conduct that resulted from violation of the statute. However, the statute was based on the common law tort of conversion. This was the common law tort basis for holding the individual officers liable for their conduct. If the statute was not based on a common law tort, there would not have been tortious conduct in the violation of the statute. In the case at bar, Count I alleges violation of the Condominium Act's warranty provisions, Va. Code § 55-79.79. This section does not have a common law tort basis. Rather, it is based in contract law. Therefore, PTS Corp. does not inform this situation.

Count II of the case at bar alleges that Defendants violated Va. Code § 55-79.90, which requires a full and fair disclosure of the condition of a condominium project, including all material defects. This disclosure should be in the form of a Public Offering Statement. This statute may have a basis in fraud. Therefore, Hall and Dana may be individually liable for a violation of § 55-79.90, because violation may take the form of fraudulent, and therefore tortious, conduct sufficient to meet the requirements of PTS Corp. Therefore, on the basis of this argument, Count II should remain in the suit.

C. *Freemason Associates, Inc., is a sham corporation. Therefore, Plaintiff 313 Freemason seeks to pierce the corporate veil and hold the principals of the corporation, Hall and Dana, personally liable for the alleged breaches of the statutes.*

A decision to pierce the corporate veil should be made reluctantly and cautiously. *In re County Green, L.P.*, 604 F.2d 289, 292 (4th Cir. 1979). The Virginia Supreme Court has stated that the determination of whether "a corporation will be regarded as the adjunct, creature, instrumentality, device, stooge, or dummy of another corporation is usually held to be a question of fact in each case . . . and courts will disregard the separate legal identities of the corporation only when one is used to defeat public convenience, justify wrongs, protect fraud or crimes of the other." *Lewis Trucking Corp. v. Commonwealth*, 207 Va. 23, 31 (1966) (quoting *Pepper v. Dixie Splint Coal Co.*, 165 Va. 179 (1935)). Generally, it is agreed that one who wishes to pierce the corporate veil to hold shareholders personally liable must show that the shareholder "has controlled or used the corporation to evade a personal obligation, to perpetrate a fraud or crime, to commit an injustice, or to gain an unfair advantage." *O'Hazza v. Executive Credit Union*, 246 Va. 111, 115 (1993).

Federal courts applying Virginia law have listed several factors to assist in determining when to pierce the corporate veil. The first, and most important, is whether the corporate capitalization is reasonably adequate for the venture. *In re County Green, L.P.*, 438 F. Supp. at 705 (citing *Luckenbach S.S. Co. v. W. R. Grace & Co.*, 267 F. 676, 681 (4th Cir. 1920)). Additional factors include: "failure to observe corporate formalities, non-payment of dividends, the insolvency of the debtor corporation at the time, siphoning of funds of the corporation by the dominant stockholder, non-functioning of other officers or directors, absence of corporate records, and the fact that the corporation is merely a façade for the operations of the dominant stockholder or stockholders." *Id.* at 705-06.

Plaintiffs have alleged the following facts as support for piercing the corporate veil and holding Hall and Dana personally liable for the statutory violations of Freemason Associates, Inc.: (1) Freemason Associates, Inc., has no bank accounts, (2) all monies required for the condominium project were advanced from Dana's personal accounts, (3) Dana commingled his funds with those of the corporation, (4) the corporation currently has no monies, and (5) the corporation has never filed a tax return.

Defendants' motion for partial summary judgment on Counts I and II of the 313 Freemason condominium association's suit against the individual Defendants is overruled. After taking the facts alleged in the light most favorable to the Plaintiff, the Plaintiff has alleged facts sufficient to establish a prima facie case for piercing the corporate veil and holding Hall and Dana personally liable for the actions of the corporation. Additionally, Plaintiff has alleged facts sufficient to hold the individual defendants liable for the statutory violations involved in Count II because violation of the statute at issue may constitute tortious conduct as the statute has its basis in the common law tort of fraud.

"II. *Defendants Freemason Associates, Hall, and Dana seek to have Count III of Plaintiff 313 Freemason's lawsuit struck because Plaintiff 313 Freemason has failed to state a claim for an independent tort and cannot obtain punitive damages.*

The Defendants argue that because an independent common law tort is required to support an award for punitive damages in a breach of contract case, the condominium association's request for punitive damages should be struck from the Motion for Judgment. The Virginia Supreme Court has stated that proof of an independent and willful tort, beyond the breach of a duty imposed by ordinary contract law, is required "as a predicate for an award of punitive damages, regardless of the motives underlying the breach." *Kamlar Corp. v. Haley*, 224 Va. 699, 707 (1983).

Plaintiff argues that the language of Va. Code § 55-79.53 contemplates the imposition of punitive damages for any violation of the Condominium Act. Section 55-79.53 states:

The declarant, every unit owner, and all those entitled to occupy a unit shall comply with all lawful provisions of this chapter and all provisions of the condominium instruments. Any lack of such compliance shall be grounds for an action or suit to recover sums due, for damages or injunctive relief, *or for any other remedy available at law* or equity. . . .

(Emphasis added.) Plaintiff 313 Freemason asserts that the language emphasized above would be superfluous unless the legislators contemplated the imposition of punitive damages for any violation of the statute.

Under the usual and elementary canons of Virginia statutory construction, "the language of a statute must be construed so as to give that language some meaning where it is possible to do so, without doing violence to the clear intent and purpose of the enactment." *City of Richmond v. Grand Lodge of Va.*, 162 Va. 471, 476 (1932). In *VEPCO v. Board of Supervisors*, 226 Va. 382, 387-88 (1983), the Virginia Supreme Court stated, "Whenever possible . . . it is our duty to interpret the several parts of a statute as a consistent and harmonious whole so as to effectuate the legislative goal. '[A] statute is not to be construed by singling out a particular phrase'." (quoting *VEPCO v. Citizens*, 222 Va. 866, 869 (1981)). Plaintiff 313 Freemason's construction is only one possible construction of the statute.

The language, "any other remedy available at law" suggests that a remedy should first be available before it is imposed. Therefore, without the assertion of an independent common law tort, punitive damages are not available to Plaintiff 313 Freemason. The construction that Plaintiff 313 Freemason relies on would constitute a rejection of the Virginia Supreme Court's rule that a plaintiff may not obtain punitive damages for a breach of contract unless the plaintiff proves an independent tort. In addition, such a construction would single out a particular phrase in a statute and stretch the meaning of the statute.

Plaintiff 313 Freemason has also argued that it may obtain punitive damages on the basis of the independent torts alleged in the suits by the individual Plaintiffs against the Defendants. The court fails to see any legal basis for this argument. Therefore, the Defendants' motion for partial summary judgment on Count III of Plaintiff 313 Freemason's suit is sustained.

III. *Defendants Freemason Associates, Hall, and Dana seek to have the suits of Klaiber and Sienicki struck in their entirety because they have sold their units for amounts exceeding the purchase price and, therefore, lack standing to bring these claims.*

For reasons stated in Part VII of this opinion, the individual Plaintiffs will not be permitted to sue for damages to the roof. The suits of Plaintiffs Klaiber and Sienicki should be struck as to any damages related to the common element of the roof.

Although some of the individual plaintiffs may have standing to sue for the cost of repairing their chimneys, flues and fireplaces, Sienicki and Klaiber will not be able to collect for those costs because they have not alleged an injury with regard to the chimneys, flues, or fireplaces.

Defendants maintain that Sienicki and Klaiber have both sold their units for amounts exceeding their purchase price since the suit has commenced and therefore do not have standing. Plaintiffs Klaiber and Sienicki have not responded to this argument. Neither plaintiff has alleged that he expended money to repair the chimneys, flues, or fireplaces. Neither plaintiff has alleged that the purchasers of their units would have paid more for units with working fireplaces. Therefore, Plaintiffs Sienicki and Klaiber have failed to allege an injury that they have suffered because of the condition of the fireplaces, flues, and chimneys.

Count I of the Motions for Judgment of Plaintiffs Sienicki and Klaiber allege Defendant committed fraud. "It is fundamental that bare allegations of fraud will not of themselves support an action for damages — the facts showing the fraud and the resulting damage must be alleged." *Lloyd v. Smith*, 150 Va. 132, 149 (1928). Because Sienicki and Klaiber have not alleged an injury, Sienicki and Klaiber do not have standing to bring an action under Count I, and Count I will be struck from their Motions for Judgment.

Count II of their Motions for Judgment alleges that Defendants committed fraudulent misrepresentation. For reasons stated in Section V of this opinion, this count will be struck from their Motions for Judgment. Additionally, Plaintiffs have no standing because they alleged no injury.

Count III of their Motions for Judgment alleges that Defendants committed constructive fraud. This count will be struck from their Motions for Judgment for the reasons stated above as to Count I.

Count IV of their Motions for Judgment allege that Defendants violated Va. Code § 59.1-68.3, which provides that "[a]ny person who suffers loss as the result of a violation of . . . [the false advertising statute] . . . shall be entitled to bring an individual action to recover damages, or $100, whichever is greater." The statute restricts recovery to one "who suffers loss." Because they suffered no loss, Plaintiffs Klaiber and Sienicki do not have standing to bring a claim under § 59.1-68.3, and Count IV will be struck from each of their Motions for Judgment.

Count V of their Motions for Judgment alleges that Defendants are liable for breach of contract. In order to recover for a breach of contract, a plaintiff must prove, by a preponderance of the evidence, that the defendant's breach

is the cause of actual damages sustained by the plaintiffs. *Carley Capital Group v. City of Newport News*, 709 F. Supp. 1387, 1396 (1989). Plaintiffs Klaiber and Sienicki have not alleged any actual damages resulting from Defendants' alleged breach. Therefore, Count IV will be struck from each of their Motions for Judgment.

Count VI of their Motions for Judgment alleges that Defendants are liable for breach of warranty under Va. Code § 55-79.79. Having suffered no injury from this breach, Klaiber and Sienicki do not have standing as to Count VI, and this count will be struck from their Motions for Judgment.

Defendants' motion for partial summary judgment in the suits by Plaintiffs Klaiber and Sienicki is sustained.

*IV. Defendants Hall and Dana seek to have Counts I and III of the individual Plaintiffs' suits against them struck because Va. Code § 55-79.80:1 requires that suits for tortious conduct committed by an agent or employee of the declarant be brought against the declarant.*

Virginia Code § 55-79.80:1 states that "[a]n action for tort alleging a wrong done (i) by any agent or employee of the declarant . . . or (ii) in connection with the condition of any portion of the condominium which the declarant or the association has the responsibility to maintain, shall be brought against the declarant or the association, as the case may be." This section appears to preclude the individual Plaintiffs from bringing actual and constructive fraud actions against the individual Defendants. However, this section does not contemplate the effect of piercing the corporate veil to hold the individual Defendants personally liable.

As discussed in Part I.C of this opinion, the plaintiffs have alleged facts sufficient to establish a prima facie case for piercing the corporate veil. Therefore, Defendants motion for partial summary judgment on Counts I and II by the individual plaintiffs against Hall and Dana is overruled.

*V. Defendants Freemason Associates, Hall, and Dana seek to have Count II of the individual Plaintiffs' suits struck because there is no independent cause of action for fraudulent misrepresentation under Virginia law.*

Plaintiffs have argued that there is a separate cause of action in Virginia for fraudulent misrepresentation and have attempted to draw a fine line distinction between fraud, which consists of a concealment, and fraudulent misrepresentation, which consists of an actual misrepresentation to the

injured party. In *Nationwide Mut. Ins. Co. v. Hargraves*, 242 Va. 88, 92 (1991), the Virginia Supreme Court stated, "[a]ctual fraud may also take the form of silence or a failure to speak." This language suggests that actual fraud includes silence and actual misrepresentations, not that actual fraud and fraudulent misrepresentations are separate torts.

Virginia Supreme Court cases from the nineteenth century do state that fraudulent misrepresentation is a cause of action. *Rorer Iron Co. v. Trout*, 83 Va. 397 (1887). In addition, more recent Virginia circuit court cases have also held that fraudulent misrepresentation is a cause of action. *Keiler v. Valley Proteins*, Inc., 25 Va. Cir. 548, 549 (Fairfax 1989); *Meeko Corp. v. Chesterfield Commerce Ctr.*, 14 Va. Cir. 149, 153 (Chesterfield 1988). However those circuit court cases, while using the term fraudulent misrepresentation, really were concerned with the tort of actual fraud. This is evidenced by the statement in *Meeko Corp.* that "[f]raud involves a knowing misrepresentation of a material fact upon which the claimant relied to his detriment." 14 Va. Cir. at 154. It is also important to note that none of the cases in which a cause of action for fraudulent misrepresentation was allowed also contained a cause of action for actual fraud. Older Supreme Court cases use fraud and fraudulent representation interchangeably to describe what today is recognized as the tort of fraud.

Fraudulent misrepresentation is not an independent cause of action. Defendants' motion for partial summary judgment on Count III of each of the individual Plaintiffs' lawsuits is sustained.

*VI. Defendants Hall and Dana seek to have Count IV of the individual plaintiffs' lawsuits against them struck because they were at all relevant times acting as representatives and agents of Freemason Associates, Inc.*

As discussed fully in Part I.C of this opinion, Plaintiffs have established a prima facie case for piercing the corporate veil and holding Dana and Hall personally liable. Defendants argue that piercing the veil as to Count IV is inappropriate because Va. Code §§ 59.1-68.3 and 18.2-216 do not sound in fraud. In *Parker-Smith v. Sto Corp.*, 262 Va. 432, 439-40 (2001), the Virginia Supreme Court held that an action for false advertising is not properly analogized to a common law action for fraud because the elements of the underlying cause of action for fraud are different from the underlying elements for a false advertising claim. *Parker-Smith* concerned the proper limitations period for a false advertising claim.

Although Plaintiffs' false advertising claims do not sound in fraud, Plaintiffs are not precluded from attempting to pierce the veil because fraud is not the only situation in which the corporate entity may be set aside. The corporate entity may also be set aside if officers "controlled or used the corporation to evade a personal obligation, to perpetuate a fraud or a crime, to commit an injustice, or to gain an unfair advantage." *O'Hazza*, 246 Va. at 115. Plaintiffs have alleged such conduct (see Part I.C supra), so Count IV will remain in the suits of the individual plaintiffs.

In addition to their argument for piercing the corporate veil, Plaintiffs argue that Hall and Dana may be personally liable under *PTS Corp. v. Buckman*, 263 Va. 613 (2002). In *PTS Corp.*, the Virginia Supreme Court held that the corporate officers of a corporate defendant could be personally liable for a violation of Va. Code § 8.01-50. *Id.* at 622-23. Section 8.01-50 is the civil counterpart of Va. Code § 18.2-216.1, which makes it a misdemeanor to use another's name or likeness for trade purposes without their consent. Plaintiffs argue that because both Va. Code § 8.01-50 and Va. Code § 18.2-216 employ the same language, "any person, firm, or corporation," PTS Corp. applies equally to the false advertising claim in this case.

The Plaintiffs' analogy is inappropriate. In *PTS Corp.*, the Virginia Supreme Court stated that the officers could be held liable because the court had "previously held corporate officers liable for their tortious conduct." *Id.* at 622. The court is clearly holding the defendants in *PTS Corp.* liable because the common law tort of conversion underlies the statute they violated. As discussed above, in *Parker-Smith*, the Virginia Supreme Court held that the false advertising statute was not properly analogized to the common law tort of fraud. 262 Va. at 439-40. As Plaintiffs have not established that there is any other tort underlying the false advertising statute, Defendants Hall and Dana cannot be held individually liable on the basis of the statutory language alone.

Because Plaintiffs have established a prima facie case for piercing the corporate veil, Count IV shall remain in the suit as to Defendants Hall and Dana, and this part of the Defendants' motion for partial summary judgment is overruled.

VII. *Defendants Freemason Associates, Hall, and Dana seek to have Counts V and VI of the individual Plaintiffs' lawsuits struck because 313 Freemason has also asserted claims under Va. Code § 55-79.79 and because Va. Code § 55-79.80 grants to the condominium owners association the power to defend, compromise, adjust, and settle any claims relating to common elements.*

Under the terms of the Condominium Act, only 313 Freemason condominium association, and not the individual unit owners, may assert the right to sue over a common element. Va. Code § 55-79.80(B) states that:

> [T]he executive organ of the units owners' association, if any, and, if not, then the unit owners' association itself, shall have the irrevocable power as attorney-in-fact on behalf of all the units owners and their successors in title with respect to the common elements, including without limitation the right, in the name of the unit owners' association . . . (ii) to assert, through litigation or otherwise, defend against, compromise, adjust, and settle any claims or actions related to the common elements.

Additionally, Va. Code § 55-79.53(A) states that "a units owners' association shall have standing to sue in its own name for any claims or actions related to the common elements as provided in subsection B of § 55-79.80." Finally, Va. Code § 55-79.79(a) states that "all powers and responsibilities, including financial responsibility, with regard to maintenance, repair, renovation, restoration, and replacement of the condominium shall belong (1) to the unit owners' association in the case of the common elements."

These sections make it clear that while an individual owner may assert a claim for the violation of an individual right, a violation of a right held in common by all the owners shall be maintained solely by the condominium association, unless the association fails or refuses to assert the right. *Frantz v. CBI Fairmac Corp.*, 229 Va. 444, 451 (1985). The Virginia Supreme Court held that "the phrase, 'in any proper case,' limits rather than expands the instances in which actions or suits are maintainable by the unit owners pursuant to the authority of Code § 55-79.53." *Frantz*, 229 Va. at 450.

There is no dispute that the roof is a common element. (See Hearing Transcript, June 26, 2002, at 73-85.) More significantly, nothing in the pleadings suggests that the roof is not a common element. Therefore, as a matter of law, only 313 Freemason can bring an action to recover for damages relating to the repair of the roof. Therefore, Defendants' motion for

partial summary judgment on Counts V and VI will be sustained as to the claims regarding the defect in the roof.

The remaining damages relate to the chimneys, flues, and fireplaces. However, whether the chimneys are common elements or individual elements is still disputed by the parties. Plaintiffs have argued that the chimneys are not common elements on the basis that the Declaration assigns the maintenance, repair, and restoration of the chimneys, flues, and fireplaces to the individual unit owners. (Hearing Transcript, June 26, 2002, at 75; Condominium Declaration § 10.2.) Va. Code § 55-79.50 states:

> Except to the extent otherwise provided by the condominium instruments. . . .
> (c) If any chutes, flues, ducts, conduits, wires, bearing walls, bearing columns, or any other apparatus lies partially within and partially outside of the designated boundaries of a unit, any portions thereof serving more than one unit or any portion of the common elements shall be deemed a part of the common elements.

Va. Code § 55-79.50.

In this instance, the condominium instruments provide otherwise. Additionally, neither the chimneys nor the flues are marked as common elements on the plats and plans. The plaintiffs have alleged enough evidence to establish that the chimneys, flues, and fireplaces are not common elements. Therefore, Counts V and VI remain in the suits of the individual plaintiffs as to the chimneys, flues, and fireplaces. Defendants' motion for partial summary judgment on Counts V and VI is overruled as to the chimneys, flues, and fireplaces, and sustained as to the common element of the roof.

VIII. *Defendants Hall and Dana seek to have Count V of the individual Plaintiffs' lawsuits struck because there is no privity of contract between Hall or Dana and any of the individual plaintiffs relating to the sale of the condominium units.*

Defendants have asserted that it is an established principle that Plaintiffs must prove that there is privity of contract between the parties before Plaintiffs can sue for breach of contract. (Def. Brief Suppl. M.S.J., at 9.) See *Gerald M. Moore & Son, Inc. v. Drewry*, 251 Va. 277, 280 (1996); *Padgett v. Bon Air Realty Co.*, 150 Va. 841, 847 (1928); *Harris v. McKay*, 138 Va. 448, 457 (1924). Defendants are correct. However, as discussed in Part I.C of this opinion, Plaintiffs have established a prima facie case for piercing the

corporate veil. If the corporate veil is pierced, then Dana and Hall will be in privity of contract with Plaintiffs. Therefore, Defendants' motion for partial summary judgment on Count V of the individual Plaintiffs' suits against Hall and Dana is overruled.

*IX. Defendants Freemason Associates, Hall, and Dana seek to strike all claims made by the individual Plaintiffs relating to damages for the repair of the roof and for attorney fees because those fees were incurred by 313 Freemason and are already claimed by 313 Freemason in their suit.*

As discussed in Part VII, the roof is a common element. Therefore, the association is the proper party to bring an action for the roof. Therefore, Defendants' motion for summary judgment on all claims by the individual plaintiffs for damages related to the roof is sustained.

*X. Defendants Freemason Associates, Hall, and Dana seek to strike all Plaintiffs' claims for internal water damage to Units 3 and 4 because those damages have already been recompensed, the individual Plaintiffs have deferred the handling of the claims to 313 Freemason, and 313 Freemason has subrogated those rights Nationwide Insurance. Thus, all Plaintiffs allegedly lack standing to bring those claims.*

In *United States v. Aetna Sur. Co.*, 338 U.S. 366, 380-81 (1949), the Supreme Court held that in the case of partial subrogation, either the subrogor-insurer or the subrogee-insured may sue another party liable for the loss. However, the subrogor-insurer may only sue to the extent of its payment. *Id.* In *VEPCO v. Westinghouse*, 485 F.2d 78, 81 (4th Cir. 1973), the Fourth Circuit held that where there is partial subrogation, either party can bring a suit. The subrogor-insurer may bring a suit to the extent that it has paid, and the subrogee-insured may bring a suit for either the amount it has not recovered or the entire amount. *Id.*

In *Bay Point Condo. Ass'n v. RML Corp.*, 57 Va. Cir. 295 (Norfolk 2002), the court stated:

[W]here RML had a $4,000,000 Consent Judgment entered against it and was subrogated by Zurich for a portion of that amount, RML, similar to VEPCO in the above case, is entitled to bring suit for its entire loss, even though any recovery from Defendants may ultimately go to someone else.

In the instant case, 313 Freemason received a partial payment for the internal water damage. While Nationwide may be partially subrogated to 313 Freemason's claims against Defendants and Nationwide would be entitled to bring an action against Defendants to the extent of their payment to the association, 313 Freemason is entitled to bring suit for the entire amount, even though some of the recovery may go to Nationwide. Defendants' motion to strike Plaintiffs' claims for internal water damage to the extent that Nationwide reimbursed Plaintiffs for those damages is overruled.

XI. *In their Motion for Partial Summary Judgment, Defendants moved to strike Plaintiffs' requests for trials by jury because § 16.5 of the Condominium Declaration states that the Plaintiffs have waived the right to trial by jury and instead consent to a bench trial.*

Defendants have indicated that this portion of their motion is withdrawn. Therefore, the court will not reach the merits of this argument.

## Conclusion

Defendants' Motion for Partial Summary Judgment is sustained as to Count III of Plaintiff 313 Freemason's suit against all Defendants, all counts of the suits of Klaiber and Sienicki against all Defendants, Count II of the suits of Khoury and Steffan against all Defendants, and all claims for damages to the roof in the suits of Khoury and Steffan against all Defendants. Defendants' motion is otherwise overruled.