# Arthur A. Nido

## v.

# Ocean Owners' Council

Record No. 870539

April 21, 1989

Present: All the Justices

*Barry Randolph Koch (Edward T. Caton; Caton & Koch, P.C.,* on brief), appellant.
*Grover C. Wright, Jr.* for appellee.

LACY, J., delivered the opinion of the Court.

The spray of the surf and invigorating ocean breezes attract many residents to Virginia Beach. Unfortunately, these elements lost their attraction for Dr. Arthur A. Nido when his beachfront condominium became a wet and soggy residence. Relying on the provisions of the Declaration of Horizontal Property Regime and Master Lease (Declaration) and the By-Laws of the Oceans Owners' Council, Dr. Nido requested that the Oceans Owners' Council (Council) correct water leakage from the common areas which caused damage to his apartment. Although the Council undertook to repair the common areas, Dr. Nido's condominium continued to suffer damage from water leakage during severe rainstorms.

Dr. Nido subsequently brought this suit to recover damages, alleging a breach of the Council's contractual duty to repair or, in the alternative, for negligent repair. He asserted that Article 3(c) of the Declaration and Section 6.1(c) of the Oceans Condominium By-Laws imposed a duty upon the Council to repair and maintain the common areas. He alleged that that duty was breached when the Council did not correct defects which ultimately caused severe damage to his condominium and personal property. The Council answered that Section 6.5 of the By-Laws limited their liability

when damage has been caused by natural elements emanating from the common areas.

During a two-day trial, the evidence showed that the Council previously had sued the developer of the condominium for construction defects. In 1980, that suit was settled for approximately $320,000. The Council decided to use the settlement proceeds to repair the building defects. They hired a waterproofing company which performed extensive caulking and warranted the work for three years. Dr. Nido's unit, however, continued to suffer damage due to water which leaked from the common areas during storms.

The trial court held that, when purchasing a unit, an owner agreed to the Declaration and By-Laws of the Oceans Condominium. Under Section 6.5 of the By-Laws, each unit owner voluntarily waived his right to sue the Council for property damage originating from the common area. The trial court reasoned that, by expressly agreeing to the By-Laws when he purchased his unit, Dr. Nido had relinquished his right to sue the Council.

The court further held that, even if the duty to repair existed, the Council did not breach that duty because the repairs undertaken by the Council were not done in a negligent manner. Instead, the trial court determined that the Council undertook the repairs in good faith and with a reasonable expectation of success, based on the advice of experts. In fact, the evidence demonstrated that the repairs did correct most of the leakage problems in the building. Accordingly, the trial court entered judgment for the Council. Dr. Nido appeals.

■ The Virginia Condominium Act provides that the Council has a duty to repair defects in the common areas unless the Condominium Declaration and By-Laws provide otherwise. The Act also provides that the Declaration controls if there is a conflict between the Declaration and By-Laws. Code §§ 55-79.79(a), 55-79.51.

Article 3(c) of the Declaration and Section 6.1(c) of the Oceans Condominium By-Laws state, in identical language, that the Council shall:

Well and substantially repair . . . all common elements . . . , and repair and make good all defects in the common elements of the project herein required to be repaired by the Council of which notice shall be given by any

owner or his agent within 30 days after the giving of such notice.

Section 6.5 of the By-Laws provides:

*Limitation of Liability*
    The Council shall not be liable for any failure of water supply or other services . . . or for injury or damage to person or property caused by the natural elements . . . or resulting from electricity, water, snow or ice which may leak or flow from any portion of the Common Elements.

■ We concur with the trial court's reasoning that Section 6.5 of the By-Laws limits the Council's liability for property damages resulting from certain listed events. We do not, however, view this limitation as an abrogation of the Council's contractual duty to Nido to correct the defects in the common elements established by Article 3(c) of the Declaration and Section 6.1(c) of the By-Laws.

■ Section 6.5 only limits the liability of the Council for damages in certain specified instances, a limitation agreed to by all purchasers of Oceans condominiums. This limitation does not leave the owners a right without a remedy. The owners retain the right to sue the Council for damages in instances when the damage arises from circumstances other than those enumerated in Section 6.5.

■ Nor is this limitation on liability contrary to public policy. All potential owners are on notice of the limitation. Any damage award would be assessed against all owners. Contractually limiting the liability which a group may have to a member of the group, particularly for consequential damages, is not against public policy. *See C. & O. Ry. Co.* v. *Telephone Co.*, 216 Va. 858, 863-64, 224 S.E.2d 317, 321-22 (1976) (exemption from liability not against public policy); *Kitchin* v. *Gary Steel Corp.*, 196 Va. 259, 264-65, 83 S.E.2d 348, 351 (1954) (party may contractually exempt itself from liability).

■ The trial court found that the Council was not negligent in the repairs it undertook. Nothing in the record supports reversal of that determination. Therefore, the Council met its duty to repair and maintain the common areas under Article 3(c) of the Declaration and Section 6.1(c) of the By-Laws.

Finding no reversible error in the judgment of the trial court, we will affirm.

*Affirmed.*