## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Linda Crocker-Sanford

v.

Joel Landrum et al.

September 5, 1996

Case No. (Law) CL96-397

BY JUDGE EDWARD W. HANSON, JR.

This matter was before the Court on June 14, 1996, on Defendant Atlantic Place Condominium Association's Demurrer to the first Amended Motion for Judgment. Plaintiff has brought a cause of action against Defendant Atlantic Place Condominium Association ("Condominium Association") alleging that the said defendant is liable for injuries sustained by Plaintiff when she was attacked by dogs owned by a fellow resident of the condominium. The attack occurred in a common area of the condominium.

Specifically, Plaintiff alleges that:

> 1. Defendant Atlantic Place Condominium Association was under a duty to exercise ordinary case to keep the common areas of the condominium in a reasonably safe condition.
>
> 2. Defendant Atlantic Place Condominium Association knew or should have known that Defendant Landrum was allowing his dogs to run loose in the courtyard area of the condominium.
>
> 3. Defendant Atlantic Place Condominium Association was charged with enforcing the bylaws of the condominium association which strictly limited the number, size, and whether an occupant could have a domestic animal on the premises.
>
> 4. Defendant Atlantic Place Condominium Association was on notice that there was a reasonable probability of the specific injury that occurred to Plaintiff in that they were given notice

that Defendant Landrum's dogs were running loose in the court-yard and failed to take steps to remedy the situation.

In deciding whether Plaintiff has brought a cause for which relief can be granted, the Court must consider three issues: (1) whether a member of a condominium association may sue the association under Virginia law; (2) whether a condominium/homeowners association may be sued for the alleged acts or omissions of a party who is not an agent or employee of the association; and (3) whether Plaintiff has alleged that the association had a duty to keep dogs out of the common areas of the condominium and breached that duty.

The first two issues will be considered by the Court jointly. The general rule at common law is that each member of an unincorporated association may not recover damages from the association for the acts of another member of the association. 45 A.L.R. 1171, 1174. However, Plaintiff argues that the case of *White v. Cox*, 17 Cal. App. 3d 824 (1971), has changed the general rule in almost all jurisdictions and that it should control in this case. The Court finds this argument unpersuasive.

The *White* decision holds that an unincorporated condominium association can be sued for the actions of its employees and agents. The case does not find that the association is liable for the acts of its own members. The Virginia Condominium Act, in fact, codifies the holding of *White* as follows:

An action for tort alleging a wrong done (i) by any *agent or employee* of the unit owners' association, or (ii) in connection with the condition of any portion of the condominium which the declarant or the association has the responsibility to maintain, shall be brought against the declarant or association, as the case may be. No unit owner shall be precluded from bringing such an action by virtue of his ownership of an undivided interest in the common elements or by reason of his membership in the association or his status as an officer. [Emphasis added.]

§ 55-79.80:1, Code of Virginia (1950).

The Code is very clear. It follows the reasoning in *White* that a plaintiff's status as a member of an unincorporated association does not preclude the plaintiff from suing the association for the association's own negligence or the negligence of its employees or agents. However, the Code does not recognize an action against an association where liability is based solely on the acts or omission of another member.

In the present case, Plaintiff has not alleged that the owner of the dogs was an agent or employee of the association. Therefore, Plaintiff must allege that the association has breached an independent duty to Plaintiff in order to survive a demurrer. This brings the Court to its final line of inquiry: whether Plaintiff has alleged a basis for finding that the association had a duty to her and breached that duty.

The only duty alleged by Plaintiff is that Defendant Condominium Association was on notice of the risk of the specific injury she sustained and had a duty to keep the dogs out of the common area. However, Plaintiff does not allege that the dogs had previously attacked anyone else. Under both Virginia law and City Ordinance, a potential defendant is not on notice unless an animal has previously bitten or attacked another person. § 3.1-796.93:1(B), Code of Virginia (1950); § 5-5, Code of the City of Virginia Beach (1965). Plaintiff has not alleged in her Motion for Judgment that the Condominium Association was properly on notice that the dogs posed a threat of harm to any member of the public.

Furthermore, the City Code only creates a duty for the *owner* of dogs to keep them from running at large. § 5-67, Code of Virginia Beach (1965). This Section further defines the duty as keeping the dogs on the owner's own premises. It could be argued that the dogs, while in a common area, were still on private property, and the duty created by the "leash law" only applies to public ways. Therefore, the duty imposed by local ordinance does not apply in this case.

In addition, Plaintiff has not alleged that any condominium bylaw or regulation prohibited residents from letting dogs run loose in the common areas. In short, Plaintiff has alleged no facts supporting her allegation that Defendant Condominium Association had a duty to keep the dogs out of the common area.

A condominium association does have a duty to maintain the physical structure of the common areas of the condominium unit. *Nido v. Ocean Owner's Council*, 237 Va. 664 (1989). The Motion for Judgment in this case does not allege that there were any defects to the structure of the unit or that the association's negligence in maintaining the physical structure caused the harm to the plaintiff.

A condominium association is merely an unincorporated group of joint tenants in the common areas of a community. The law in Virginia is that while the association can be sued by its members for the acts of its employees or agents, it cannot be sued for the torts of one of its members in

their individual capacity. Plaintiff has not alleged an action against Atlantic Place Condominium Owner's Association for which relief can be granted under the law. Therefore, Defendant's Demurrer is sustained.