## CIRCUIT COURT OF FAIRFAX COUNTY

Charles J. Samuels

v.

Treebrooke Condominium Association

October 16, 1996

Case No. L147041

By Judge Leslie M. Alden

In this case, plaintiff condominium owner ("Owner") has sued the condominium association ("Association") for damages sustained to common elements resulting from allegedly inadequate or negligent maintenance of the common areas. The Owner contends that water runoff from the common areas, situated in and around his unit, has caused soil erosion, settling, damage to rear entry steps and brick-surfaced areas — all to common elements — as well as damage to his individual unit from water seepage. The Association seeks summary judgment on the pleadings, on the ground that it has limited its liability for such damage. The Association maintains that Article VIII, Section 7, of the Bylaws properly limits the liability of the Association for any property damage resulting from water leaking or flowing from the common elements. For the reasons stated below, the motion for summary judgment is granted.

The Virginia Condominium Act provides that the Association has a duty to repair defects in the common areas unless the condominium declaration and bylaws provide otherwise. Here, Article VIII of the Association's Bylaws establishes the duty of the Association to, among other things, paint, maintain, repair, and landscape the common areas. However, Article VIII, Section 7, of the Association's Bylaws, in part, provides:

> The Association shall not be liable for ... injury or damage to person or property caused by the elements or ... resulting from electricity, water, snow, or ice which may leak or flow from any portion of the common elements ... .

This section of the Bylaws limits the Association's liability for property damages resulting from the certain identified events. Such a limitation of liability on the part of a condominium association has been expressly upheld by the Virginia Supreme Court. In *Nido v. Ocean Owners' Council*, 237 Va. 664 (1989), the Court declared that such a limitation did not abrogate the Council's contractual duty to the homeowner to correct defects in the common elements of the condominium. Reasoning that a group may lawfully, contractually limit its liability to any particular member of the group, the Court determined that such a limitation did not violate public policy. *Nido*, 237 Va. at 667. In *Nido*, the limitation was agreed to by all purchasers of the condominium, and all potential purchasers were on notice of the limitation.

Similarly, in this case, the Association and its owners have agreed to the same limitation of liability. As in *Nido*, the owners here retain the right to sue the Association for damages in instances when the damages arise from circumstances other than those enumerated in Article VIII, Section 7. Whether the Owner seeks to recover from the Association on a theory of contract or negligence, the Association has validly limited its liability for damages arising from the complained of causes.

Accordingly, as the case is made out by the pleadings in this case, the motion for summary judgment is granted.