## CIRCUIT COURT OF NELSON COUNTY

Highridge Place
Condominium Unit
Owner's Association

v.

Howard Langley et al.

November 5, 2004

Case No. CL03-0166

BY JUDGE J. MICHAEL GAMBLE

I am writing this letter to rule in this case. In this regard, I grant judgment in favor of the plaintiff ("Highridge") against the defendants ("Langleys") in the amount of $16,604.03. My reasons for this ruling are set forth below.

The defendants are the owners of unit 1931 in the Highridge Place Condominiums. In October 2002, the water heater burst and caused extensive damage to unit 1931. The leak was not caused by any negligent or intentional act of the Langleys. Highridge repaired the damage to unit 1931 at the cost of $16,604.03. Highridge, through its management agent, pursued a claim for reimbursement through the Langleys' insurance carrier. USAA Insurance, the carrier for Langleys, denied the claim. Thereafter, Highridge instituted this action to recover the costs from the Langleys.

Prior to the damage to unit 1931 in October 2002, Highridge was required to obtain an insurance policy with a $25,000.00 deductible for water damage. The high deductible resulted from earlier claims for water damage to the Highridge condominiums. The earlier losses for water damage put Highridge in a high risk category for water damage insurance coverage. This resulted in the $25,000.00 deductible for this type of casualty.

By letter of December 31, 2000, the managing agent of Highridge notified the condominium owners that the deductible for water damage would

be $25,000.00. At the annual meeting of the Highridge owners on December 1, 2002, a motion was adopted to pay the contractors to repair unit 1931 and to "continue negotiations with the homeowners insurance carrier." In the minutes of the board of directors meeting on February 12, 2003, it was reported that a motion was made to recoup the expenses with respect to the repair of damage for unit 1931. It was also noted in the minutes that the condominium agent was working with the adjustor for the Langleys. At the board meeting of October 14, 2003, a motion was adopted to file suit against the Langleys to recover the damages sustained as a result of the water damage to unit 1931.

The Langleys maintain that the condominium by-laws require Highridge to obtain fire and extended coverage insurance for the Highridge condominium units. In particular, Article XIV, Section 1, requires the Highridge condominium association to obtain and maintain insurance against fire and other casualties. It further requires the insurance to be for the benefit of both the condominium association and the unit owners. Further, Article XIV, Section 2, requires the condominium association to maintain fire and extended coverage insurance "to the extent available" in an amount equal to at least 100% of the replacement value of the properties. Further, at the time that the Langleys purchased the property in September 1999, they were issued a condominium resale certificate which provided that there would be insurance coverage for the "full and insurable value of the building. . . ." It further provided, however, that "Owners should also provide for liability insurance for protection against claims originating from the interior of a unit, *as well as any other insurance deemed appropriate*." (Emphasis added.)

Based on the above facts, the Langleys argue that Highridge is responsible for the repair of the condominium unit because it did not provide the full insurance coverage.

Section XI of the Declaration of Condominium for Highridge Place requires that every unit owner promptly perform all maintenance and repair work within his own unit. Further, Article IV, Section 2, of the Highridge by-laws requires that every owner perform promptly "all maintenance and repair work within his own unit . . . and shall be expressly responsible for the damages and liabilities that his failure to do so may engender." Also Va. Code § 55-79.79 places the financial responsibility for the maintenance, repair, renovation, restoration, and replacement of any individual unit on the unit owner unless otherwise provided in the condominium instruments. Even more importantly, Va. Code § 55-79.81(C) provides that a condominium unit owner shall pay the deductible if the "cause of any damage originated in a unit . . . without regard to whether a unit owner was negligent."

In the instant case, the condominium instruments are the declaration and by-laws. Neither the declaration nor by-laws alter the requirement that financial responsibility for maintenance and repair be placed on the unit owner. Thus, by Virginia statute, this responsibility remains with the Langleys.

The financial responsibility to maintain and repair individual units is not abrogated by the insurance provisions of the by-laws. Article XIV, Section 2, requires the condominium association "to the extent available" to obtain and maintain fire and extended coverage insurance. It is clear from the minutes admitted into the record that the best available insurance for water damage had a high $25,000.00 deductible because of the prior water damage claims history. The $16,604.03 claim in this case was within that deductible. Accordingly, the responsibility for the payment of the repair expense falls on the Langleys.

The defendant has also asserted the defense of estoppel. The elements necessary to show equitable estoppel are a representation, reliance, change of position, and detriment. *Dominick v. Vassar*, 235 Va. 295, 298, 367 S.E.2d 487 (1988). Further, equitable estoppel must be shown by clear and convincing evidence. *Employers Ins. Co. v. Great American*, 214 Va. 410, 415, 200 S.E.2d 560 (1973). In the instant case, there is no evidence of a reliance or change of position. In particular, the agent for Highridge sent a notice on December 31, 2000, advising the property owners of a $25,000.00 deductible for water damage under the new insurance policy. Exhibit 4. This letter, together with Va. Code §§ 55-79.79 and 55-79.81, the condominium declaration, and the condominium by-laws fully advised the Langleys that they would be responsible for any repairs for water damage to their unit costing less than $25,000.00.

Last, the Langleys filed a counterclaim. No evidence has been admitted to establish any grounds for recovery under the counterclaim. Accordingly, the counterclaim is dismissed.