# CIRCUIT COURT OF NELSON COUNTY

Highridge Place
Condominium Unit
Owner's Association

v.

Howard Langley et al.

March 30, 2006

Case No. CL050039

By Judge J. Michael Gamble

I am writing this letter to rule on the defendants' motion to file a counterclaim and third-party complaint. I grant the motion to file a counterclaim against Highridge Place Condominium Unit Owner's Association only for damages to Unit 1921. The motion to file a counterclaim for damages to Unit 1931 is denied. I deny the motion to file a third-party claim against the individual board of directors of the Highridge Place Condominium Unit Owner's Association. The plaintiff is granted time until April 24, 2006, to file such responsive pleading as the plaintiff deems appropriate to the counterclaim. The trial of this case on April 27, 2006, is continued.

Rule 1:8 provides that amendments "shall be liberally granted and furtherance of the ends of justice." While this rule properly supports a policy that allows the parties to submit their claims to the court for resolution, it is not an unfettered right of a litigant. The rule itself requires that an amendment be granted in furtherance of the ends of justice.

In this case, the defendants seek to join as third-party defendants the individual members of the unit owner's association. This is contrary to the

requirements of the Virginia Condominium Act, Va. Code § 55-79.39 et seq. Va. Code § 55-79.80:1 expressly requires that tort and contract actions involving condominiums be brought "against the association." Thus, it would be unjust to join these individuals as third-party defendants and a depletion of judicial resources to address this same issue in another hearing on whether to dismiss the individuals.

Next, the proposed counterclaim and third-party complaint seeks to litigate issues that have already been concluded by order dated December 29, 2004, in *Highridge Place Condo. Unit Owner's Ass'n v. Langley et al.*, 66 Va. Cir. 185 (2004). In that case, the court granted judgment on behalf of the association against Mr. and Mrs. Langley, the defendants in this case, for damages to Unit 1931 resulting from the same events as the instant case. The proposed counterclaim and third-party complaint seeks to relitigate anew these issues in this case. This is barred by *res judicata*. The bar of *res judicata* precludes relitigation of the same cause of action, or any part thereof, which could have been litigated between the same parties and their privies. *Davis v. Marshall Homes*, 265 Va. 159, 164, 576 S.E.2d 504 (2003). *Res judicata* requires that four elements be proved: identity of the remedy sought, identity of the cause of action, identity of the parties, and identity of the quality of persons for or against whom the claim is made. *Davis*, 265 Va. at 164.

The parties in the instant case are exactly the same. The same remedy is sought in both cases, *i.e.*, recovery of money for water damage to Unit 1931. A review of the pleadings in both cases indicates that the causes of action are the same. The proposed counterclaim and third-party complaint seeks recovery against the association for "carelessly, recklessly, and negligently failing to notify, adjust, and submit a claim arising under insurance policies purchased pursuant to the by-laws for the events of October 16, 2002." In the earlier case, the grounds of defense specifically alleged that the association "failed to submit a claim for the repair of Unit 1931 to its insurance carrier." The counterclaim in the earlier case alleged that the association "refused to submit a claim for damage to Unit 1931 to its insurance carrier." Further, the counterclaim in the earlier case sought damages in the amount of $16,604.03 against the association, being exactly the amount sought in the instant case. Thus, it is clear that the same issues were submitted and litigated in the earlier case. The same issues and cause of action cannot be relitigated in the instant case.

Again, it would not serve the ends of justice to allow a third-party claim and a counterclaim for the same issues and cause of action that have already been litigated and concluded.

The issues involving Unit 1921 have not been previously litigated. Thus, I will allow the counterclaim for matters involving Unit 1921.