# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Kuehn

    v.

Carlyle Towers
Condominium Unit
Owners' Association

April 8, 2011

Case No. CL10002975

BY JUDGE ALFRED D. SWERSKY

This matter is before the Court on Defendant's Motion for Summary Judgment. Upon consideration of the pleadings, the exhibits, and the arguments of counsel, Defendant's motion will be granted.

For purposes of interpreting the Contract between the parties arising out of Complainant's purchase of a condominium unit in Carlyle Towers, the material facts are not in dispute. The Declaration and Bylaws of the Association govern the duties and responsibilities of the unit owners and the Association regarding damages to the individual units and to the common elements.

The Declaration for Carlyle Towers Condominium states in section 2.4 that repair and maintenance responsibilities are governed by the Bylaws. The Bylaws of Carlyle Towers Condominium state in pertinent part in section 3.11(b):

> The Association shall not be liable for . . . injury or damage
> to person or property . . . resulting from electricity, water,
> snow, or ice which may leak or flow . . . from any pipe, drain,
> conduit, appliance, or equipment.

There is no factual dispute that the damage to Complainant's unit was caused by water leaking from the shower within Complainant's unit. Regardless of the source of the leak and regardless of whether or not Ms. Kuehn was negligent, this claim falls with the limitation of liability set forth above. It was water leaking from a pipe, drain, or conduit that caused Complainant's damage. A similar limitation on an association's liability

was upheld in *Nido v. Ocean Owners' Council*, 237 Va. 664, 378 S.E.2d 837 (1989); see also, *Samuels v. Treebrooke Condominium Assn.*, 41 Va. Cir. 109 (1996).

Complainant argues that a provision, § 5.5 of the Bylaws and the chart of responsibilities contained within that section sets forth the basis to determine the Association's responsibilities and that chart states that it is the Association's responsibility for "Water damage to common elements or units other than the one which is the primary source of the problem through negligence of the occupants of such unit." Ms. Kuehn argues that the issue of negligence is factually in dispute and, hence, summary judgment is inappropriate.

This section is not inconsistent with Section 3.11(b) which specifically excludes specific causes for water damage for which the Association will not be liable. Since the cause of Complainant's damage comes within the specific exception contained in Section 3.11(b), that section and not Section 5.5 govern the responsibilities in this case.

As a matter of law, Defendant has specifically limited its liability to Complainant and cannot be held liable.