# CIRCUIT COURT OF THE CITY OF NORFOLK

Timothy C. Watson

v.

Joan Lederman,
Robert Purcell,
and Adams Darden

October 6, 2011

Case No. (Civil) CL10-6451

By Judge Everett A. Martin, Jr.

At the hearing on July 29, Mr. Atlee raised several issues that were not stated in his demurrer, and I was thus not able to consider them. Code of Virginia § 8.01-273. I granted him leave to file a brief that would serve as an amended demurrer. He has done so.

This is a curious case. The plaintiff complains that he purchased five condominium units on or about June 30, 2010, and that, around July 16, 2010, all the defendants caused two of the units to "evaporate." He has filed a seven count amended complaint against eight defendants seeking monetary damages, a declaratory judgment, and the appointment of a receiver. The identities and roles of the defendants will be discussed below as necessary.

## The Statutory Defense

The demurring defendants first rely on Va. Code § 55-79.80:1(A), which provides in pertinent part: "An action for tort alleging a wrong done

. . . by any agent or employee . . . of the unit owners' association . . . shall be brought against . . . the association. . . ."

The plaintiff claims this statute merely requires the unit owners' association (the "association") to be joined as a party and does not bar claims against individuals. The demurring defendants contend the statute bars tort claims against agents or employees of the association. The three judges who have considered the issue in written opinions support the demurring defendants' interpretation. *Brun v. Tivoli at Cardinal Forest*, 2000 Va. Cir. LEXIS 504 (Fairfax County 2000) *313 Freemason v. Freemason Associates, Inc.*, 59 Va. Cir. 407 (Norfolk 2002); *Highridge Place Condominium v. Langley*, 72 Va. Cir. 21 (Nelson County 2006). As a plaintiff may almost always join the principal or employer for torts alleged to have been committed by the agent or employee in the service of the superior, the plaintiff's interpretation of the statute would render it largely nugatory.

The plaintiff has pleaded that Cavalier Land, Inc., and Adams Darden manage the condominium on a day-to-day basis. Amended Complaint, paragraph 5. They are thus certainly agents of the association.

The Ledermans and Robert Purcell are identified as condominium owners and members of the board of directors of the association. Counsel have not cited any statute or other authority about the status of a director of an unincorporated association as an agent of the association. I have thus turned to the common law of corporations. Under that law, an individual director is not an agent of the corporation but the directors are agents of the corporation when acting collectively on its behalf. *Monacan Hills, Inc. v. Page*, 203 Va. 110, 112 S.E.2d 654 (1961); *Marcuse v. Broad-Grace Arcade*, 164 Va. 553, 180 S.E. 327 (1935).

The plaintiff pleads that, on July 16, 2010, the association "and the defendants caused an 'amendment' to the declaration of the Condominium to be recorded." Amended Complaint, paragraph 16. In his brief in opposition to the demurrer, the plaintiff asserts "the board met and authorized the preparation and recordation of an 'amendment.'. . ." He has thus alleged they acted collectively on behalf of the association. Thus, they were its agents and are immune from suit. Cavalier Land, Inc., Adams Darden, the Ledermans, and Robert Purcell are dismissed from the tort claims in the amended complaint without leave to amend to include them in any claim in tort.

The discussion of the counts of the amended complaint for conversion, conspiracy, and fraud only pertain to the association.

## Conversion

The association claims an action for conversion does not lie for real property. A condominium unit is real property. Va. Code §§ 55-79.41 (definitions of "condominium," "condominium unit," and "unit"), 55-79.42. The plaintiff agrees that his condominium units are interests in real property, but he claims the conversion occurred through the amendment of the condominium declaration, a document, and that documents can be the subject of conversion. That may be true, but he is not claiming his document has been wrongfully withheld from him. He is claiming a loss of real property.

The Supreme Court of Virginia appears never to have precisely addressed the issue. It has held conversion lies for wrongful exercise of authority over "goods" or "property." *Buckeye National Bank v. Huff*, 114 Va. 1, 11, 75 S.E. 769, 772 (1912). At common law the action was only available for "goods." 3 Blackstone, *Commentaries on the Laws of England* 152-53 (1768). Chancellor Tucker agreed: "In short, it lies in general for any personal property in which the plaintiff has a general or special property." 2 *Commentaries on the Laws of Virginia* 86-87 (1846). He also noted it would lie for articles once part of a freehold that had been severed, but he wrote nothing about the action lying for real property. *Ibid*. Professor Burks did specifically state: "The action lies only for the conversion of specific chattels, not of realty or things partaking of the nature thereof." *Pleading and Practice*, § 156 (4th ed. 1952). Thus the association's position is well established.

The plaintiff also relies upon *Simmons v. Miller*, 261 Va. 561, 544 S.E.2d 666 (2001). There, the Court restated the law of conversion as stated above in *Buckeye National Bank*, and it found the evidence was sufficient to uphold a jury's verdict for the plaintiff for the conversion of "the lease of office space, furniture, equipment, cash, and customer lists." 261 Va. at 582, 544 S.E.2d at 679. With respect to the conversion of a lease, I can only assume the defendant there did not raise the issue these defendants have raised, as leaseholds are not subject to conversion under general American law. 18 Am. Jur. 2d, *Conversion*, § 15; 90 C.J.S., *Trover and Conversion*, § 17.

I sustain the demurrer to the count for conversion without leave to amend.

## Conspiracy

Under the view I have taken of the statutory defense, the only defendants who are subject to suit for conspiracy are the association and the surveyors.

I sustain the association's demurrer to the conspiracy counts because of the insufficiency of the facts pleaded.

The plaintiff alleges the surveyors prepared the plat that caused the disappearance of two of his units "at the request of the Association and the other defendants;" "they attested that the plat they prepared complied with applicable law and otherwise was true and accurate." The surveyors did not conduct "any independent research [to] verify the accuracy of the Plat," but, rather, "they merely concocted what the Association and the other defendants told them to prepare for recordation...." Amended Complaint, paragraphs 19-20. The remaining allegations do not apply to the surveyors or are conclusory. Surveyors are in the business of, among other things, preparing plats for those who engage them. The mere allegation that a professional performed services his client requested will not support a claim of conspiracy. There is no claim the surveyors knew what they prepared was improper and that they prepared it knowing it would damage the plaintiff.

### Declaratory Judgment

The plaintiff alleges that the association's amendment to the condominium declaration was ineffective as all the unit owners did not agree to it. Va. Code § 55-79.71(E). He seeks a declaratory judgment invalidating the amendment and the recordation of the new plat the surveyors prepared. In pertinent part, that subsection provides that, except as agreed to by all of the unit owners "no amendment to the condominium instruments shall change (i) the boundaries of any unit, (ii) the undivided interest in the common elements . . . or (iv) the number of votes in the unit owners' association that appertains to any unit." The association asserts that the amendment was permitted under subsection (F), which provides in pertinent part:

> Notwithstanding any other provision of this section, the declarant may unilaterally execute and record a corrective amendment or supplement to the condominium instruments to correct a mathematical mistake, an inconsistency or a scrivener's error, or clarify an ambiguity in the condominium instruments with respect to an objectivity verifiable fact . . . within five years after the recordation of the condominium instrument. . . . Regardless of the date of recordation of the condominium instruments, the principal officer of the unit owners' association may also unilaterally execute and record such a corrective amendment or supplement upon a vote of two-thirds of the members of the executive organ.

The association does not state which provision of subsection (F) authorized the amendment, leaving me to guess. Is the association claiming to be a "declarant?" This is unlikely. See Va. Code §§ 55-79.41 (definition of "declarant"), 55-79.74. Is the association claiming "two-thirds of the members of the executive organ" approved the amendment or that the amendment corrected only a mathematical mistake, inconsistency, scrivener's error, or ambiguity? If so, there is nothing in the amended complaint admitting this. A demurrer only challenges the legal or factual sufficiency of a complaint in stating a claim. Va. Code § 8.01-273(A). It is not a substitute for a special plea, motion for summary judgment, or trial. The plaintiff has stated sufficient facts to allege that the amendment of the condominium declaration by the association was in violation of Va. Code § 55-79.71(E). I overrule the demurrer to the declaratory judgment claim.

*Fraud*

I overrule the demurrer to the claim of fraud against the association.

*Breach of Fiduciary Duty*

This claim is only asserted against the Ledermans and Purcell, and I have previously ruled they are entitled to the statutory defense for tort claims. I sustain the demurrer to this claim without leave to amend.

*Appointment of a Receiver*

I sustain the demurrer to this claim as it is a remedy and not a cause of action and should properly be in the prayer for relief.