# CIRCUIT COURT OF THE CITY OF NORFOLK

Kelly McCarthy

v.

Kathleen Fennessey
and Ocean Breeze
Condominium Assoc., Inc.

October 2, 2013

Case No. (Civil) CL 13-3613

BY JUDGE CHARLES E. POSTON

This action is before the Court upon the demurrer of the Defendant, Ocean Breeze Condominium Association, Inc., to Counts III and IV of the Complaint. Having considered the written submissions of counsel, the papers filed in this action, and the argument of counsel, the Court finds that the Plaintiff has pleaded a sufficient cause of action in both Counts III and IV, and that the demurrer should be overruled.

### Alleged Facts

Plaintiff, Kelly McCarthy, alleges that she is a unit owner and resident of Ocean Breeze Condominiums ("the Property"). The Defendants in this case are Kathleen Fennessey and Ocean Breeze. Ocean Breeze is the incorporated condominium association charged with the management and upkeep of the property. Fennessey is a unit-owner and resident, as well as the president of the Association.

McCarthy alleges that on May 12, 2012, she was walking her dog through the property's parking lot when Fennessey or her husband opened the door to Fennessey's unit and allowed Fennessey's unleashed dogs to exit into the lot. Fennessey's dogs proceeded to attack McCarthy's dog and, in the resulting altercation, McCarthy fell and was injured. McCarthy further alleges that Fennessey's dogs had attacked other animals on the property and that at least some of these incidents were reported.

*Procedural History*

McCarthy brought the instant suit for compensatory and punitive damages relating to her injuries, alleging that Fennessey was both negligent in allowing her dogs to run free (Count I) and strictly liable for the consequences of their acts (Count II). She also claims that Ocean Breeze had a duty to protect her from the foreseeable negligence of third parties because it had a special relationship with her and that Ocean Breeze is responsible for Fennessey's personal negligence because, as president of the Association, she is its agent (Count III). Finally, McCarthy alleges that Ocean Breeze had exclusive control over the common areas and had a duty either to exercise ordinary care in providing a safe premises or, at a minimum, to warn her of known hazards (Count IV).

Ocean Breeze demurred to McCarthy's Count III: Negligence/ Malfeasance, and Count IV: Negligence/Premises Liability, and a hearing was held on that demurrer before this Court on July 3, 2013, at which all parties were present or represented. Ocean Breeze asks the Court to dismiss Count III on the ground that it has no special relationship with unit owners or their family members that could give rise to a duty to protect them.

At oral argument, counsel for McCarthy averred that Paragraph 1 of the Complaint, in which it is stated that McCarthy "at all times material hereto has owned the property . . ." is a typo, and that McCarthy is *not* a unit owner, but rather merely resides with her husband, who owns the unit solely in his own name. While the Court does not doubt the veracity of this claim, it is bound to take the Plaintiff's pleading as it is written.

Ocean Breeze does not address McCarthy's alternate theory of negligence in Count III, that Fennessey was the Association's agent and that it is therefore liable for her actions. Ocean Breeze asks the Court to dismiss Count IV on the grounds that, first, it lacked exclusive control of the property's common areas as a matter of law and, second, even if it did have exclusive control over the common areas, it was under no duty to exercise even ordinary care to prevent the incident in question here.

*Discussion*

In ruling on a defendant's demurrer, the Court views the facts as alleged in the pleadings in the light most favorable to the plaintiff and makes all reasonable inferences in the plaintiff's favor. *Tronfeld v. Nationwide Mut. Ins. Co.*, 272 Va. 709, 713, 636 S.E.2d 447, 449 (2006) (citing *Ward's Equipment, Inc. v. New Holland N. Am., Inc.*, 254 Va. 379, 382, 493 S.E.2d 516, 518 (1997)). The purpose of a demurrer is to test whether the plaintiff's claim is legally sufficient to support the relief requested. *Id.* (citing *Welding, Inc. v. Bland County Service Auth.*, 261 Va. 218, 226, 541 S.E.2d 909, 913 (2001)).

While Ocean Breeze did not have a special relationship with McCarthy, the pleadings are sufficient to support her claim that Fennessey was the Association's agent and that the Association may be liable for her actions. This is true even if Ocean Breeze had contested McCarthy's agency theory, which it has not. Additionally, the parties' dispute concerning whether Ocean Breeze was bound by the "Rules of Conduct" to prevent residents from allowing their dogs to run free on the property is a triable issue of fact sufficient to support McCarthy's claim that Ocean Breeze owed her a duty of ordinary care. Accordingly, Ocean Breeze's demurrer will be overruled on both counts.

## A. *Negligence/Malfeasance*

Ocean Breeze's demurrer to Count III will be overruled because, while Ocean Breeze had no special relationship with McCarthy, Fennessey may have been the Association's agent for the purposes of the Virginia Condominium Act ("VCA"). Ocean Breeze argues that it was under no duty to protect McCarthy because there is no special relationship between a condominium association and its constituent unit owners. The Court agrees. There is ordinarily no common law duty to protect another against the negligence of a third party. *Delk v. Columbia/HCA Healthcare Corp.*, 259 Va. 125, 132, 523 S.E.2d 826, 830 (2000) (citing *Burdette v. Marks*, 244 Va. 309, 311, 421 S.E.2d 419, 420 (1992); *Marshall v. Winston*, 239 Va. 315, 318, 389 S.E.2d 902, 904 (1990)). A duty to protect may arise, however, when a party has a special relationship either (1) with the plaintiff that confers on the defendant a duty to take reasonable actions to protect the plaintiff against foreseeable harm; or (2) with the third party that confers on the defendant a duty to take reasonable action to protect others from the third party's acts. *Id.* (citing *A.H. v. Rockingham Publishing Co.*, 255 Va. 216, 220, 495 S.E.2d 482, 485 (1998); *Burdette*, 244 Va. at 312, 421 S.E.2d at 420; *Dudley v. Offender Aid & Restoration*, 241 Va. 270, 276, 401 S.E.2d 878, 881 (1991); *Fox*, 236 Va. at 74, 372 S.E.2d at 375; *Klingbeil Management Group Co. v. Vito*, 233 Va. 445, 447–48, 357 S.E.2d 200, 201 (1987)).

The Supreme Court of Virginia has only recognized three such special relationships: "common carrier-passenger, business proprietor-invitee, and innkeeper-guest." *Klingbeil Mgmt.*, 233 Va. at 448, 357 S.E.2d at 201. Though this list is technically not exhaustive, the Supreme Court of Virginia has thus far declined to expand it and has specifically decided not to do so in the context of a landlord and tenant. *Id.* (citing *Gulf Reston, Inc. v. Rogers*, 215 Va. 155, 157, 207 S.E.2d 841, 844 (1974)). Because a condominium association is under no greater obligation to protect its member unit owners and their family members than is a landlord to protect her tenants, Ocean Breeze did not have a special relationship with McCarthy giving rise to a duty to protect her from Fennessey's dogs.

However, McCarthy also alleges in Count III that Ocean Breeze is responsible for Fennessey's negligent act of allowing her dogs to run free because Fennessey, as the Association's president, acted as its agent and a condominium association is liable for the tortious conduct of its agents. The VCA holds condominium associations liable for the negligent acts of their agents. Va. Code Ann. § 55-79.80.1. The statute reads in relevant part: "An action for tort alleging a wrong done (i) by any agent or employee . . . of the unit owners' association . . . shall be brought against...the association." *Id.*

Thus, if Fennessey, who was the Association's president, were an "agent or employee" of Ocean Breeze, then Ocean Breeze would be liable for any of her negligent acts. Those persons involved in the day-to-day management of a condominium property are the agents of its association, but a member of a condominium association board is, like any other corporate board member, usually not considered an agent of the association. *Watson v. Lederman*, 83 Va. Cir. 434 (2011) (applying the common law of corporations and holding that individual condominium board members are not agents of the association on the basis of that membership alone) (citing *Monacan Hills, Inc. v. Page*, 203 Va. 110, 112 S.E.2d 654 (1961); *Marcuse v. Broad–Grace Arcade*, 164 Va. 553, 180 S.E. 327 (1935)). Thus, if Fennessey's role as "president" of the association involved only presiding over the board, she was not Ocean Breeze's agent and the Association would not be responsible for her actions. However, if her role included substantial involvement in the day-to-day management of the property, she would then be the Association's agent and it could be held liable for her tortious conduct. Under § 55-79.80.1, an association's liability for the negligent acts of its agent is exclusive. *Watson*, 83 Va. Cir. 434. Thus, if the jury concludes that Fennessey was Ocean Breeze's agent, Fennessey will not be liable as a matter of law. Thus, McCarthy has pleaded a sufficient cause of action in Count III, and Ocean Breeze's demurrer to that count will be overruled.

## B. *Negligence/Premises Liability*

The Association's demurrer with regard to Count IV will be overruled because there are questions of fact inappropriate to resolve on demurrer. These are: (1) whether Ocean Breeze was on notice that Fennessey's dogs were dangerous; and (2) whether the Rules of Conduct were binding. Ocean Breeze demurs to Count IV on the grounds that it is under no duty to keep the common areas of the Property safe because it lacked exclusive control over them. The VCA grants condominium associations "irrevocable power of attorney-in-fact" regarding all common areas. Va. Code Ann. § 55-79.80 (West). Ocean Breeze contends that this is insufficient to confer exclusive control over the common areas to the extent that the Association may be held responsible for its safety.

Even assuming, without deciding, that this interpretation is correct, McCarthy also alleges that the Association assumed exclusive control over

the safety of the common areas via its Rules of Conduct. In *Crocker-Sanford v. Landrum*, this court examined a similar situation, wherein a condominium owner who was bitten by her fellow unit-owner's dog brought negligence actions against both the owner and the condominium association. 40 Va. Cir. 282 (1996). The court sustained the defendant association's demurrer because the plaintiff failed to allege that the association was on notice that the dog was dangerous or that "any condominium bylaw or regulation prohibited residents from letting dogs run loose in the common areas." *Id.*

Here, on the other hand, McCarthy alleges that Fennessey's dogs had attacked other residents' dogs on numerous occasions and that at least some of these attacks were reported. Because Fennessey was the president of the Association, it is difficult to imagine a scenario in which the Association could have escaped notice of the dogs' prior behavior. Furthermore, unlike the plaintiff in *Crocker-Sanford*, McCarthy explicitly alleges that these incidents were in violation of condominium bylaws or regulations provided in the Rules of Conduct attached to the Complaint, which command owners to keep dogs leashed at all times, prohibit the keeping of American Pit Bull Terriers on the property altogether, and assert the Association's right to enforce the rules against any unit owner. Ocean Breeze avers that these rules were never voted on or adopted by the Association, while McCarthy alleges that the Association provided them to her and her husband when they moved into their unit and were described to them as the binding rules of conduct for the property. It would be inappropriate for the Court to attempt to resolve this factual dispute at the demurrer stage. Accordingly, Ocean Breeze's demurrer to Count IV will be overruled.

## Conclusion

The Plaintiff has pleaded sufficient facts in both Counts III and IV to survive demurrer. While the Court agrees with Ocean Breeze that it did not have a special relationship with McCarthy, it is liable for the negligent acts of its agents, so, if Fennessey was Ocean Breeze's agent, the Association is liable under Count III. McCarthy's allegations that Ocean Breeze was on notice that the dogs were dangerous, and that Ocean Breeze was bound by the Rules of Conduct to prevent Fennessey from allowing them to run free in the common areas are likewise sufficient to support her claim of premises liability in Count IV. Accordingly, Defendant Ocean Breeze's demurrer will be overruled.